Filed 2/1/23

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

LEVEL OMEGA HENDERSON,
Defendant and Appellant.

S265172

Second Appellate District, Division Seven
B298366

Los Angeles County Superior Court
BA437882

---

## ORDER MODIFYING OPINION

THE COURT:

The petition for rehearing is ordered refiled as a request for modification of the opinion. The opinion in this matter, filed on November 17, 2022, and appearing at 14 Cal.5th 34, is modified as follows:

1. On page 56, the seventh sentence of the first full paragraph stating, "The term for robbing the patron would be one-third of the midterm, doubled," is deleted.

2.  On page 56, in the first full paragraph, before the final sentence that begins, "As in the prior example," insert the following:

> If imposed consecutively, the term for robbing the patron would be one-third of the midterm, doubled.  If the court runs the term concurrently, it would impose a full base term, doubled.  (See §§ 669, subd. (a); 1170, subd. (a)(3).)

> This modification does not affect the judgment.

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Respondent,

v.

LEVEL OMEGA HENDERSON,
Defendant and Appellant.

S265172

Second Appellate District, Division Seven
B298366

Los Angeles County Superior Court
BA437882

---

November 17, 2022

Justice Corrigan authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Liu, Kruger, Groban, Jenkins, and Guerrero concurred.

---

PEOPLE v. HENDERSON

S265172


Opinion of the Court by Corrigan, J.


This case considers if and when a court may impose concurrent sentences in cases falling under the habitual criminal, or "Three Strikes," sentencing scheme. *People v. Hendrix* (1997) 16 Cal.4th 508, 512 (*Hendrix*) observed that scheme required imposition of consecutive sentences for multiple current felonies that were not "committed on the same occasion" or did not "aris[e] from the same set of operative facts." (Pen. Code, §§ 667, subd. (c)(6); 1170.12, subd. (a)(6).) It clarified, however, that a trial court retained discretion to impose concurrent terms for those felonies that *were* committed on the same occasion or arose from the same set of operative facts, even if the felonies qualified as serious or violent. (See *Hendrix*, at pp. 513–514.) The question here is whether Proposition 36, the Three Strikes Reform Act of 2012 (Proposition 36, the Reform Act, or the Act), changed the law and stripped sentencing courts of that discretion, thus abrogating the *Hendrix* rule. We conclude the Reform Act did not have that effect. Following Proposition 36, the court retains its *Hendrix* concurrent sentencing discretion, and the total sentence imposed for multiple current counts of serious or violent felonies must be ordered to run consecutively to the term imposed for offenses that do not qualify as serious or violent felonies. We reverse the Court of Appeal's contrary judgment and remand with directions to order a new sentencing hearing.

# I. BACKGROUND

While working at an apartment complex in Los Angeles, William Aguilar saw defendant Level Omega Henderson and the manager, Daniel Tillett, trading blows in the courtyard. Aguilar called police when he saw defendant walk to his car and retrieve a gun. Tillet and his girlfriend were standing in the courtyard when defendant returned holding the weapon. He hit Tillet in the head with the gun butt and punched him with his other hand. When the girlfriend began yelling, defendant pointed the gun at her and Aguilar. Aguilar ran and flagged down a police car. Officers saw defendant strike Tillett several times, run into a vacant apartment, then emerge a few minutes later, unarmed. A handgun was recovered from an atrium directly below the apartment window.

Defendant was charged with assault by means of force likely to produce great bodily injury, possession of a firearm by a felon, and two counts of assaulting Tillett and Aguilar with a semiautomatic firearm.[1] The information also alleged defendant had suffered four prior strike and two prior serious felony convictions, and had served four prior prison terms.[2] The

---

[1] See Penal Code sections 245, subdivisions (a)(4), (b); 29800, subdivision (a)(1). The information also alleged that defendant had possessed a firearm after being convicted of a violent felony (Pen. Code, § 29900, subd. (a)(1)), but the court dismissed this count on the People's motion. Defendant was not charged with assaulting Tillet's girlfriend.

[2] See Penal Code sections 667, subdivisions (a)(1), (b)–(i); 1170.12; 667.5, subdivision (b). Both the Three Strikes law and the prior serious felony enhancement statute share the same definition of what constitutes a prior serious felony conviction. (Pen. Code, § 1192.7, subd. (c); see Pen. Code, §§ 667, subds.

jury convicted defendant as charged, and, in a bifurcated proceeding, the court found the prior conviction allegations to be true. On defendant's motion, the trial court struck all of the prior conviction allegations except for one prior strike and one prior serious felony conviction. It sentenced defendant as a second striker (see Pen. Code, §§ 667, subd. (e)(1); 1170.12, subd. (c)(1)), imposing the upper term of nine years for one semiautomatic firearm assault, doubled to 18 years; a consecutive four-year term for the second assault (one third the midterm doubled); and five years for the prior serious felony conviction. The total term imposed was 27 years.[3] With respect to consecutive sentencing for the assaults on Aguilar and Tillett, the court said, "[T]he Three Strikes law requires that on serious or violent felonies, two or more, that they be sentenced consecutively."

On appeal, defendant argued the trial court erroneously believed it had no discretion to impose concurrent terms for the assaults on Aguilar and Tillett, even though they occurred on the same occasion. (See Pen. Code, §§ 667, subd. (c)(6), 1170.12, subd. (a)(6).) The Court of Appeal affirmed, concluding the court lacked discretion to impose concurrent terms on multiple serious or violent felonies after passage of the Reform Act. (See *People*

---

(a)(4), (d)(1); 1170.12, subd. (b)(1).) "[T]he trial court may use the prior convictions both under the Three Strikes law and as serious felony enhancements." (*People v. Acosta* (2002) 29 Cal.4th 105, 139, fn. 4; see *People v. Dotson* (1997) 16 Cal.4th 547, 554–560.)

[3] The court stayed imposition of sentence on the other two counts as required under Penal Code section 654, subdivision (a).

*v. Henderson* (2020) 54 Cal.App.5th 612, 620–627 (*Henderson*).) We reverse.

## II.  DISCUSSION

### A.  Structure and Evolution of the Three Strikes Law and Clarification of Terms

The Three Strikes law was "[e]nacted 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses' (Pen. Code, former § 667, subd. (b), as amended by Stats. 1994, ch. 12, § 1, pp. 71, 72), [and] 'consists of two, nearly identical statutory schemes.' " (*People v. Conley* (2016) 63 Cal.4th 646, 652.)  In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code[4] section 667.  A ballot initiative in November of the same year added a new provision, section 1170.12.  These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time.[5] Proposition 36 made amendments to various provisions of both sections 667 and 1170.12.  However, the amendments did not treat the language regarding consecutive sentences in the same way.  This disparate amendatory treatment lies at the heart of the dispute here.

Generally, the Three Strikes law "increases punishment for second strike defendants by doubling any determinate terms they otherwise would have received . . . ." (*People v. Sasser* (2015) 61 Cal.4th 1, 11.)  Third strike offenders were made

---

[4]    Subsequent statutory references will be to the Penal Code.

[5]    For a more extended discussion of the history of the Three Strikes law, see *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504–506 (*Romero*).

subject to an indeterminate life sentence for the current felony. (See *Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.)

The parsing of legislative and initiative language requires application of a variety of terms. We pause at the outset to provide some context. The Three Strikes law is a separate sentencing scheme. As the court explained in *Romero*: "The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine a defendant's sentence for the current offense." (*Romero, supra,* 13 Cal.4th at p. 524.) The totality of the Three Strikes law is not found in a single free-standing section of the Penal Code. Instead, it has been implemented by the addition or amendment of various, often cross-referenced, provisions.

The Three Strikes scheme comes into play when a defendant is charged with new felony offenses but has previously been convicted of designated serious or violent felonies. Although these prior convictions are sometimes referred to as "strikes," the Three Strikes law itself does not use that term, instead defining "serious" or "violent" felonies with specificity.[6] Serious felonies are defined in section 1192.7,

---

[6] Some of the legislative and initiative history, as well as cases interpreting the law, refer to "strikes," but that term seldom appears in the Penal Code. In the ballot materials regarding Proposition 36, the Legislative Analyst explained the distinctions between serious and violent felonies in the Three Strikes law: "Existing law classifies some felonies as 'violent' or 'serious,' or both. Examples of felonies currently defined as violent include murder, robbery, and rape. While almost all violent felonies are also considered serious, other felonies are defined only as serious, such as assault with intent to commit robbery. Felonies that are not classified as violent or serious

subdivision (c), while the violent felony definition appears in section 667.5, subdivision (c).[7] There is substantial overlap between the two defining lists. (See *Hendrix, supra,* 16 Cal.4th at p. 514.) The previously suffered convictions that subject a defendant to the Three Strikes scheme are often referred to as prior convictions, and are distinguished from newly filed charges, referred to as current felonies.

In order to constitute a "strike," a prior conviction must qualify under the statutory definitions of a serious or violent felony. Under the original Three Strikes provisions, a person who had been convicted of two prior strike offenses was subject to an indeterminate life sentence if later convicted of *any* new felony. (See *People v. Frierson* (2017) 4 Cal.5th 225, 230.) After passage of Proposition 36, however, the requirement of indeterminate life sentences for a defendant with two prior strikes does not apply to *all* current felonies. Instead, a life term is only authorized when the new offense is also a serious or violent felony or when the defendant's past or current offenses fall under provisions of amended sections 667 or 1170.12.[8] In order to effect these changes, Proposition 36 added virtually identical language to sections 667 and 1170.12. (See §§ 667,

---

include grand theft (not involving a firearm) and possession of a controlled substance." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) analysis of Prop. 36 by Legis. Analyst, p. 48.)

[7] Offenses are described in terms of the kind of crime and, in some cases, degree, circumstances of commission, characteristics of the victim, and other factors.

[8] Those provisions include: some current drug offenses and sex crimes; current crimes involving the arming with or use of a firearm, or the intent to inflict great bodily injury; or prior strikes for a subset of enumerated serious or violent felonies.

subd. (e)(2)(C); 1170.12, subd. (c)(2)(C).) A new indictment or information may include allegations charging both serious and/or violent felonies, as well as other felonies that do not qualify under those definitions. Here, we will sometimes refer to prior convictions for serious or violent felonies as "strike priors" or "prior strike convictions." We sometimes refer to new felony charges that qualify as serious or violent felonies as "qualifying offenses."

The trial court here found, in a bifurcated phase of trial, that defendant had suffered four prior strike convictions. If those true findings were allowed to stand, the Three Strikes scheme would have required indeterminate life sentences for each of the automatic weapon assaults on Aguilar and Tillett. (See §§ 667, subds. (d)(1), (e)(2)(A); 1170.12, subds. (b)(1), (c)(2)(A); 1192.7, subd. (c)(31).) However, *Romero* clarified that a sentencing court has discretion to dismiss findings as to prior convictions, in furtherance of justice, under the authority of section 1385, subdivision (a). (See *Romero, supra,* 13 Cal.4th at pp. 507–532.) The result of such a dismissal is that a defendant with two or more strike priors and a conviction for a new qualifying offense may be removed from the strictures of the Three Strikes scheme altogether if all of his strike priors are dismissed, or he may be sentenced as a "second striker" if only one strike prior remains in connection with a newly charged qualifying offense. The sentencing court here adopted the latter approach.

Under both the determinate sentencing law (see § 1170) and the Three Strikes scheme, when a defendant stands newly convicted of multiple offenses, the court must generally decide whether sentences on each count will be ordered to run consecutively or concurrently to some or all of the others. (See

§§ 1170, subd. (a); 1170.1, subd. (a); 1170.3; Cal. Rules of Court, rule 4.425; *People v. Sandoval* (2007) 41 Cal.4th 825, 850–851.) Here again, the Three Strikes scheme imposes restrictions on that sentencing choice. (See §§ 667, subd. (c)(6), (7); 1170.12, subd. (a)(6), (7).) It is the scope of that consecutive/concurrent restriction that is at issue here. As the *Romero* court noted, both versions of the Three Strikes law were intended to "restrict courts' discretion in sentencing repeat offenders. . . . But to say the intent of a law was to restrict judicial discretion begs the question of *how* judicial discretion was to be restricted. The answer to that question can be found only by examining the language of the act" (*Romero*, *supra*, 13 Cal.4th at p. 528) or, here, the language of the Reform Act.

## B. *Hendrix*, Consecutive Sentencing, and the Extent of Discretion

When the Three Strikes scheme applies, sentences for current qualifying offenses must be ordered to run consecutively to each other if the current offenses occur on separate occasions and do not arise from the same set of operative facts. (See §§ 667, subd. (c)(6); 1170.12, subd. (a)(6).) *People v. Lawrence* (2000) 24 Cal.4th 219 explained that, for section 667, subdivision (c)(6) purposes, felonies are committed "on the same occasion" if they were committed within "close temporal and spacial proximity" of one another. (*Lawrence*, at p. 233.) Offenses arise "from the same set of operative facts" when they "shar[e] common acts or criminal conduct that serves to establish the elements of the current felony offenses of which defendant stands convicted." (*Ibid*.) Here, it is undisputed that the assaults on Tillis and Aguilar were committed "on the same occasion." To avoid unnecessary repetition, we will not always repeat the "same set of operative facts" formulation. But the

8

"same occasion" analysis we employ here would apply equally when multiple felonies are committed under the "same set of operative facts."

To make these applications less abstract, consider a hypothetical defendant who has two prior strikes and is then convicted of robbing two stores, on two different days, as well as two separate and unrelated counts of auto theft. The defendant's current robberies are qualifying offenses and the prior strikes bring him under the Three Strikes scheme. Using its authority under section 1385, subdivision (a), the court dismisses one strike. (See *Romero, supra,* 13 Cal.4th at pp. 529–532.) As a result, the defendant will be sentenced as a "second striker" rather than be subject to an indeterminate life term. As we explain below, the two robbery sentences must be ordered to run consecutively to each other because they occurred on separate occasions. A second question is whether the total consecutive robbery sentences must be ordered to run consecutively to the auto theft terms.

Contrast that scenario with an alternative one. The defendant has two prior strikes. His charged offenses result in convictions for two separate felony auto thefts and two counts of robbery. The robberies occurred when he went into a store, robbed the clerk and, on his way out, also robbed a patron. The court dismisses one strike, so an indeterminate life term is not called for. If the *Hendrix* rule continues to apply, the court would have discretion to order the robbery sentences to be served concurrently because they were committed on the same occasion. Again, the question remains whether the total robbery sentences must run consecutively to the nonqualifying auto theft sentences.

In evaluating the extent of consecutive sentencing discretion, *Hendrix* focused its attention on subdivision (c)(6) and (c)(7) of section 667, the legislative version of the Three Strikes law. At the time, the initiative version, section 1170.12, subdivision (a)(6) and (a)(7), contained identical language on this topic, so a separate consideration was not needed. As we explain in greater detail below, the Reform Act amended the relevant provisions of section 1170.12 dealing with consecutive sentencing but did not modify the corresponding provisions of section 667. It is the significance of Proposition 36's treatment of the separate legislative and initiative versions of the Three Strikes scheme that is in dispute. We first discuss *Hendrix*, then consider whether the new language of the Reform Act abrogates the *Hendrix* rule.

The question in *Hendrix* was whether, in sentencing a Three Strikes defendant, the court must always impose consecutive sentences for every current qualifying felony or whether it retained discretion to order some terms to run concurrently. *Hendrix* looked to the language of section 667, subdivision (c)(6) and (c)(7) to resolve the question. These provisions stated, as they do now, "(6) If there is a current conviction for more than one felony count *not committed on the same occasion, and not arising from the same set of operative facts*, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e) [describing enhanced sentences called for under the Three Strikes scheme]. [¶] (7) If there is a current conviction *for more than one serious or violent felony as described in paragraph (6)*, the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively

sentenced in the manner prescribed by law." (§ 667, subd. (c)(6)–(7), italics added.)

*Hendrix* explained that, by its terms, subdivision (c)(6) required the imposition of consecutive sentences for each current felony not committed on the same occasion and not arising from the same set of operative facts. (See *Hendrix, supra,* 16 Cal.4th at p. 512.) Conversely, "[b]y implication, consecutive sentences are not mandatory under subdivision (c)(6) if the multiple current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' " (*Id.* at pp. 512–513.) In those circumstances, the court has discretion to impose concurrent terms.

Section 667, subdivision (c)(7), on the other hand, does not refer simply to a conviction for multiple felonies. Instead, it specifically addresses multiple serious or violent felonies, i.e., *qualifying* felonies. Under that provision, when a current sentence is imposed for qualifying felonies "as described in paragraph (6)," they must be ordered to run consecutively to the sentence for "any other conviction." (§ 667, subd. (c)(7).) Some parsing is required here. Under subdivision (c)(7), the qualifying felony "described in paragraph (6)" is one that occurred on a separate occasion and did not arise from the same set of operative facts. A sentence for those qualifying felonies was required to run consecutively to " 'any other conviction.' " (*Hendrix, supra,* 16 Cal.4th at p. 514.)

The *Hendrix* holding itself provides only part of the resolution for this case. Hendrix had approached four people sitting together at a shopping center, pointing a gun at them and demanding money. Two victims complied and two said they had no money. Hendrix was convicted of two counts of robbery and

two of attempted robbery, all with the use of a firearm. All four substantive offenses were qualifying felonies. Hendrix admitted three serious felony convictions, bringing him under the Three Strikes scheme, and was sentenced to four consecutive life terms, with additional determinate terms for enhancements. (See *Hendrix, supra,* 16 Cal.4th at pp. 510–511.)

Because all the offenses at issue in *Hendrix* were committed against separate victims but on the same occasion, the question was whether the court had the discretion to order those sentences to run concurrently to each other. The *Hendrix* court held that it did have that discretion based on the language of section 667, subdivision (c)(6) and (c)(7). *Hendrix* explained that subdivision (c)(6) encompassed sentences imposed for *all* felonies, qualifying or not, but required consecutive sentencing only for felonies committed on separate occasions and not arising from the same set of operative facts. Subdivision (c)(7) also imposed a consecutive sentencing mandate but only as to qualifying felonies. Additionally, the reference in subdivision (c)(7) to serious or violent felonies "as described in paragraph (6)" incorporated the same occasion/operative facts limitation to the consecutive sentencing proviso for qualifying felonies. (*Hendrix, supra,* 16 Cal.4th at p. 513.)

Thus, under *Hendrix*, if a Three Strikes defendant is convicted of current qualifying felonies that were not committed on the same occasion or under the same set of operative facts, the court is required to impose the serious or violent felony terms consecutive to each other *and* those terms must also be ordered to run consecutively to any other terms imposed for nonqualifying offenses as well. (*Hendrix, supra,* 16 Cal.4th at pp. 513–514.) But in *Hendrix*, the serious or violent felonies were all committed on the same occasion. As a result, the

12

consecutive sentencing mandate of subdivision (c)(7) did not apply and the court had discretion to impose sentences on those qualifying offenses either consecutively or concurrently to each other under subdivision (c)(6). In *Hendrix,* there were no convictions for nonqualifying offenses. However, its discussion of the import of subdivision (c)(7) clarified that a sentence for serious or violent felonies not committed on the same occasion must be ordered to run consecutively to any sentence imposed for nonqualifying convictions. As we discuss, we apply the *Hendrix* analysis to our explication of the rule.

## C. The Reform Act, Subsequent Cases, and Resolution Here

The Reform Act was passed in 2012 as Proposition 36. Under its terms, and as relevant here, a defendant who has suffered prior strike convictions still falls under the Three Strikes scheme. But if the current conviction is not for a serious or violent felony, the previously required indeterminate life term was replaced by a double-the-base-term sentence for the current felony, unless an exception applied. (See discussion *ante*.) This modification has a limitation, however. Even if the current offense was not a serious or violent felony, an indeterminate life term is still required if either the current offense or one of the prior strike convictions is for an offense enumerated in the statutes. (See §§ 667, subd. (e)(2)(C)(i)–(iv); 1170.12, subd. (c)(2)(C)(i)–(iv).) In addition, the Reform Act made changes to the Three Strikes law consistent with its stated intent to "[p]revent the early release of dangerous criminals who are currently being released early because jails and prisons are overcrowded with low-risk, non-violent inmates serving life sentences for petty crimes." (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 36, § 1, par. 5, p. 105.)

The Act made amendments to both sections 667 and 1170.12 to achieve these purposes. However, a court's concurrent or consecutive sentencing authority was addressed differently for section 667, the legislative version, and 1170.12, the initiative version. Section 667, subdivision (c)(6) and (c)(7) were not changed. Thus, the analytical basis for the *Hendrix* rule was not affected. Yet, the language of section 1170.12, subdivision (a)(6) and (a)(7), which previously had been identical to section 667, subdivision (c)(6) and (c)(7), was partially modified. Section 1170.12, subdivision (a)(6), pertaining to *all* current felonies, regardless of type, remained the same as its counterpart in the legislative version. It continued to require consecutive sentencing for each new felony unless the current offenses were committed on the same occasion or arose from the same operative facts.

However, as to the consecutive term requirement when the current offense is a serious or violent felony, section 1170.12, subdivision (a)(7) was amended. It no longer refers to the preceding paragraph, subdivision (a)(6), which contains the same occasion/operative facts language. Instead it now reads: "If there is a current conviction for more than one serious or violent felony *as described in subdivision (b)* [which defines those felonies], the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner proscribed by law." (§ 1170.12, subd. (a)(7), italics added.) As is apparent, the reference to the same occasion/operative fact exception "as described in paragraph (6)" was removed from section 1170.12, subdivision (a)(7). The Attorney General argues that this omission reflects an intent to remove the *Hendrix* concurrent sentencing discretion. The

Attorney General asserts that, after Proposition 36, when a defendant is sentenced under the Three Strikes scheme, all sentences for each qualifying felony must run consecutively *to each other*, regardless of whether those offenses were committed on the same occasion or arose from the same set of operative facts.

Courts of Appeal have disagreed about the effect wrought by that amendment as it relates to a trial court's concurrent sentencing discretion. The Court of Appeal below held the change in language now forecloses that discretion and requires that all sentences for qualifying offenses must run consecutively regardless of whether they were committed on the same occasion or arose from the same operative facts. It is this question we granted review to resolve.

The first case to address the issue, *People v. Torres* (2018) 23 Cal.App.5th 185 (*Torres*), concluded the discretion recognized in *Hendrix* survived the Reform Act's amendments. Three subsequent published Court of Appeal cases agreed with the *Torres* analysis, although with divided panels. (See *People v. Marcus* (2020) 45 Cal.App.5th 201, 211–214 (*Marcus*); *People v. Gangl* (2019) 42 Cal.App.5th 58, 69–71 (*Gangl*); *People v. Buchanan* (2019) 39 Cal.App.5th 385, 391–392 (*Buchanan*).) Dissenting opinions in these subsequent cases maintained that the change to section 1170.12, subdivision (a)(7) did signal an intent to remove that discretion, as the Attorney General argues here. (See *Marcus*, at p. 215 (conc. & dis. opn. of Krause, J.); *Gangl*, at pp. 72–80 (conc. & dis. opn. of Krause, J.); *Buchanan*, at pp. 393–398 (conc. & dis. opn. of Needham, J.).)

" 'In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction.'  [Citation.]

15

Where a law is adopted by the voters, 'their intent governs.' [Citation.] In determining that intent, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] But the statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] We apply a presumption, as we similarly do with regard to the Legislature, that the voters, in adopting an initiative, did so being 'aware of existing laws at the time the initiative was enacted.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 879–880 (*Buycks*); see *People v. Raybon* (2021) 11 Cal.5th 1056, 1065.)

The Reform Act amended section 1170.12, subdivision (a)(7), replacing its prior reference to subdivision (a)(6), which set out the same occasion/operative facts proviso. Instead, subdivision (a)(7) now refers, not to subdivision (a)(6), but to subdivision (b), which simply defines a serious or violent felony. The question is whether, by making that change, voters intended to abrogate the *Hendrix* rule as to the court's concurrent sentencing discretion. Nothing in the ballot materials speaks directly to voters' intent on this topic. In trying to discern the electorate's intent, the various majority and dissenting opinions pointed to a variety of linguistic clues from which that intent might be gleaned. The majority opinions observed that subdivision (a)(6) remained unchanged and encompassed *all* current felony convictions, whether qualifying or not. As such, the amendment of subdivision (a)(7) made by the Reform Act only requires that the sentence imposed for qualifying felonies be ordered to run consecutively to the sentence imposed for nonqualifying felonies. (See *Marcus, supra,* 45 Cal.App.5th at pp. 212–214; *Gangl, supra,* 42 Cal.App.5th at pp. 69–70; *Torres, supra,* 23 Cal.App.5th at

p. 201.) Conversely, the dissenting opinions concluded the amendment of subdivision (a)(7) swept more broadly. It deleted the reference to subdivision (a)(6), which contained the same occasion/operative facts provisions. As a result, they concluded the amendment reflected an intent that *all* qualifying current felonies be sentenced consecutively to each other, whether or not they were committed on the same occasion or arose from the same set of operative facts. (See *Gangl, supra,* 42 Cal.App.5th at pp. 78–79 (conc. & dis. opn. of Krause, J.); *Buchanan, supra,* 39 Cal.App.5th at pp. 394–395 (conc. & dis. opn. of Needham, J.).)

The Attorney General argues that because the amended subdivision (a)(7) no longer refers to subdivision (a)(6), the foundation for the *Hendrix* rule no longer exists and its holding has been abrogated. At the end of the day, the language of the initiative is simply unclear. "When the language of a statute is ambiguous — that is, when the words of the statute are susceptible to more than one reasonable meaning, given their usual and ordinary meaning and considered in the context of the statute as a whole — we consult other indicia of the Legislature's [or electorate's] intent, including such extrinsic aids as legislative history and public policy. [Citations.] If there is no ambiguity, ' " ' "we presume the Legislature meant what it said and the plain meaning of the statute governs." ' " ' " (*Union of Medical Marijuana Patients, Inc. v. City of San Diego* (2019) 7 Cal.5th 1171, 1184.)

We conclude section 1170.12, subdivision (a)(7) is ambiguous with respect to whether it requires that multiple qualifying felonies must be sentenced consecutively *to each other*. The ambiguity resides in the provision's use of the term "conviction." "If there is a current *conviction* for more than one

serious or violent felony as described in subdivision (b), the court shall impose the sentence for each *conviction* consecutive to the sentence for any other *conviction* for which the defendant may be consecutively sentenced in the manner prescribed by law." (§ 1170.12, subd. (a)(7), italics added.) In suggesting the "plain language" of the provision now " 'require[d] the court to sentence multiple current serious or violent felonies consecutively, *whether or not* they occurred on the same occasion or out of the same set of operative facts' " (*Henderson, supra,* 54 Cal.App.5th at pp. 623, 624), the Court of Appeal below equated a "conviction" with an individual count or offense. As such, "each conviction" for a qualifying felony must be imposed "consecutive to the sentence for any other conviction," i.e., other qualifying felonies. (§ 1170.12, subd. (a)(7); see also *Gangl, supra,* 42 Cal.App.5th at p. 79 (conc. & dis. opn. of Krause, J.); *Buchanan, supra,* 39 Cal.App.5th at p. 397 (conc. & dis. opn. of Needham, J.).)

This interpretation would seem a plausible one consistent with the colloquial understanding that a "conviction" refers to a finding of guilt on a single count. (Cf. § 15.)[9] However, even before the Reform Act, section 1170.12, subdivision (a)(6) and (a)(7) used the term "conviction" as a collective term describing multiple, relevant counts for which the defendant has been convicted. Subdivision (a)(6) refers to "a current conviction *for more than one* felony count." (§ 1170.12, subd. (a)(6), italics added.) Likewise, by stating its mandate applies to "a current

_____

[9] Section 15 defines a crime or public offense as "an act committed or omitted in violation of a law forbidding or commanding it, and to which is annexed, *upon conviction*, either of the following [enumerated] punishments . . . ." (Italics added.)

conviction *for more than one* serious or violent felony as described in subdivision (b)" (italics added), subdivision (a)(7) as amended continues to use "conviction" to refer collectively to a grouping of *multiple* offenses.  If "conviction" is so understood, section 1170.12, subdivision (a)(7)'s rule reads much differently: the court must impose sentence on "each conviction," i.e., the group of current qualifying felonies, consecutively to "any other conviction," that is to say the group of any nonqualifying offenses.  Such an interpretation would also seem plausible, especially in conjunction with the fact that subdivision (a)(6) employs the phrase "each count" in stating its consecutive sentencing rule, a phrase absent in subdivision (a)(7).

In light of the statutory ambiguity, we look to the overall context of the initiative, take into account that it was adopted to reform an existing scheme, and look to the ballot materials as a tool to deduce voter intent.  (See *People v. Arroyo* (2016) 62 Cal.4th 589, 593.)  The overarching stated intent of the Reform Act appears threefold:  1. To "[r]estore the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction is for a violent or serious crime" (Voter Information Guide, Gen. Elec., *supra*, text of Prop. 36, § 1, p. 105); 2. to punish a current felony more harshly, but in cases where the current offense is not a serious or violent felony, to moderate that harsher penalty by requiring a multiplied base term, as opposed to an indeterminate life term, unless an exception applies; and 3. to ensure, by virtue of those exceptions, that particularly designated repeat offenders receive a life sentence, even if the current offense is not serious or dangerous felony.

The debate over Proposition 36 did not feature a focus on the consecutive/concurrent discretion question.  As a result, it is

difficult to discern just what the electorate intended on this topic or whether they considered it at all. One thing, however, is clear: By passing the Reform Act, the electorate intended to mitigate some of the more stringent applications of the Three Strikes scheme while retaining rigorous penalties for those offenders whose criminal history reveals they remain a significant threat to public safety. A new requirement of mandatory consecutive sentences in cases where it did not exist before would not be completely inconsistent with that goal but, as *Romero* pointed out, "to say the intent of a law was to restrict judicial discretion begs the question of *how* judicial discretion was to be restricted." (*Romero, supra,* 13 Cal.4th at p. 528.)

We cannot say that the voters spoke with a clear voice on that topic, particularly when they took pains to make their intent much more manifest on other aspects of the reforms they adopted. However, it is significant that the Reform Act did not alter the specific language granting a court's discretion to impose consecutive sentences if, in its judgment, such a penalty was appropriate, even when current convictions were committed on the same occasion. (See §§ 667, subd. (c)(6); 1170.12, subd. (a)(6).) It is also notable that Proposition 36 specifically sets out when consecutive life sentences are still required for current felonies, even if those offenses do not qualify as serious or violent felonies. (See §§ 667, subd. (e)(2)(B); 1170.12, subd. (c)(2)(B)–(C).) These changes enacted in Proposition 36 reflected a recalibration of some of the more stringent Three Strikes requirements. The voters intended to reduce penalties in many instances when the new felony was not serious or violent. However, they retained the harsher penalties when either the new, or previous, offenses were deemed particularly blameworthy.

Had the drafters intended to change sentencing discretion in the same occasion/operative facts context, the drafters were clearly aware of how to make that intent clear. We also presume that the voters were aware of the longstanding *Hendrix* rule when they passed Proposition 36. "Proposition 36 neither refers to *Hendrix* nor states its express intent to overrule long-standing Supreme Court precedent." (*Marcus, supra,* 45 Cal.App.5th at p. 214.) We " 'cannot presume that . . . the voters intended the initiative to effect a change in law that was not expressed or strongly implied in either the text of the initiative or the analyses and arguments in the official ballot pamphlet.' " (*People v. Valencia* (2017) 3 Cal.5th 347, 364.) In light of all these factors, we cannot discern a clear intent to withdraw discretion that has been recognized for a quarter century.

### D. Arguments by the Attorney General and Dissenting Opinions

The People's arguments for a contrary resolution fail. The Attorney General's analysis would create an apparent conflict between section 1170.12, subdivision (a)(6) and (a)(7) as amended. Subdivision (a)(6), by implication, grants a court discretion to impose concurrent terms for *any* current felony committed on the same occasion. But the Attorney General now argues that consecutive terms are mandatory under subdivision (a)(7) for any current qualifying felony whether or not they were committed on the same occasion. Under the People's interpretation, subdivision (a)(6) seemingly grants a court discretion that subdivision (a)(7) forbids. (See *Marcus, supra,* 45 Cal.App.5th at pp. 213–214; *Torres, supra,* 23 Cal.App.5th at p. 201.)

The Court of Appeal below suggested that section 1170.12, subdivision (a)(6) and (a)(7) could be harmonized by recognizing

that subdivision (a)(6) sets out a general rule for all felonies, with subdivision (a)(7) providing an exception that abrogates that general discretionary authority. (See *Henderson, supra,* 54 Cal.App.5th at p. 626.) The difficulty is that nothing in the language of these provisions supports an interpretation that section 1170.12, subdivision (a)(6) specifies a "general" rule and subdivision (a)(7) an exception. That interpretation would seem at odds with the structure of subdivision (a) generally. As *Marcus* observed, under standard rules of statutory construction, we "read a statute, and its various subdivisions, as a cohesive whole." (*Marcus, supra,* 45 Cal.App.5th at pp. 213–214.) Subdivision (a) provides that "[n]otwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious or violent felony convictions, as defined in subdivision b, the court shall adhere to *each* of the following." (§ 1170.12, subd. (a), italics added.) The statute then lists various provisions to which the court must adhere. These provisions forbid a grant of probation or diversion, require imposition of a prison sentence, limit prison conduct credits, ban consideration of the lapse of time between the strike and current offenses, and eliminate limits for consecutive sentences on subsequent convictions. (See § 1170.12, subd. (a)(1)–(a)(5).) None of these individual subdivisions refer to any other or suggest that any states a "general" rule while some other provision states an exception. Indeed, by providing that the rules enumerated in subdivision (a) apply "[n]otwithstanding any other law," the statutory scheme clearly requires that the Three Strikes framework takes precedence over any conflicting provision. By contrast, when the Reform Act amended subdivision (a)(7), it did not use the formulation "notwithstanding subdivision (a)(6)," or any other

provision. This omission strongly suggests that the drafters did not consider the two subdivisions to be in conflict or intended that they be so understood.

As *Marcus* reasoned, "subdivision (a)(6) continues to apply to *all* felonies" (*Marcus, supra,* 45 Cal.App.5th at p. 214), and makes no reference to an exception. Similarly, subdivision (a)(7) contains no language suggesting it would apply notwithstanding that subdivision (a)(6) would appear to support a contrary rule. "Had the voters disagreed with *Hendrix*'s conclusion and intended to reject its holding that subdivision (a)(6) applies to all felonies, the voters could have easily amended subdivision (a)(6) to explicitly refer only to nonserious and nonviolent felonies. This [change] would effectively create two classes of crimes to which two different sentencing rules would apply: (1) nonviolent/nonserious felonies covered by subdivision (a)(6); and (2) serious/violent felonies covered exclusively by subdivision (a)(7). The voters did not do so." (*Marcus*, at p. 214.)

Following the Reform Act, the rules as to consecutive sentencing apply as follows. When a strike defendant is convicted of any group of new felony offenses, the sentence imposed for each felony count must run consecutively to all the others not committed on the same occasion. The court retains discretion to impose concurrent sentences for new offenses, whether qualifying felonies or not, that were committed on the same occasion.

One further variation occurs when a defendant stands convicted of a group of new qualifying offenses along with nonqualifying offenses. In that circumstance, new terms for *all* felonies committed on separate occasions must run consecutively to each other under section 1170.12, subdivision

(a)(6). Additionally, under subdivision (a)(7), the total term for all qualifying offenses must run consecutively to the total term imposed for nonqualifying offenses.[10]

We return, then, to the contrasting examples set out above. (See *ante*, at p. 9.) In the first example, a defendant with two prior strikes is newly convicted of robbing two stores on two different days, as well as two separate and unrelated counts of auto theft. His current second degree robberies are qualifying offenses and the prior strikes bring him under the Three Strikes scheme. Using its authority under section 1385, subdivision (a), the court dismisses one strike. (See *Romero, supra,* 13 Cal.4th at pp. 529–532.) Under the interpretation we adopt here, the court would sentence him on the first robbery to a base term chosen from the available determinate sentencing triad of two, three, or five years (§ 213, subd. (a)(2)), doubled because of the remaining strike prior. The term for the second robbery would be one-third of the midterm, doubled, resulting in a two-year term. (§ 1170.1, subd. (a).) The two-year term must be ordered to run consecutively to the first because both offenses were committed on separate occasions and did not arise from the

---

[10] The Attorney General argues, and the Court of Appeal here reasoned, that removing the court's *Hendrix* concurrent sentencing authority is consistent with the Reform Act's stated intent to punish more harshly those convicted of current serious or violent felonies. (*Henderson, supra,* 54 Cal.App.5th at p. 627; see *Buchanan, supra,* 39 Cal.App.5th at pp. 395–396 (conc. & dis. opn. of Needham, J.).) However, as explained, under the interpretation we adopt here, those defendants with multiple qualifying felonies *will* be treated more harshly by virtue of the consecutive sentences that will still be required for both qualifying and nonqualifying felonies. Proposition 36's general statement of intent is thus given effect.

same set of operative facts. (§§ 667, subd. (c)(6); 1170.12, subd. (a)(6).) The felony auto thefts are not qualifying offenses, but the court must also order the robbery sentences to be served consecutively to "any other conviction," which would include terms imposed for the auto thefts. (§ 1170.12, subd. (a)(7).) The auto theft sentences called for by the standard determinate sentencing statutes can be ordered to run consecutively or concurrently to each other. If the court chooses the upper term for the first robbery, it would order the defendant to serve a total of 12 years (10 years plus two years) for the two qualifying robberies consecutive to the combined sentence imposed for the auto thefts.

In the second example, the defendant has two prior strikes. His charged offenses result in convictions for two separate felony auto thefts and two counts of second degree robbery. The robberies occurred when he went into a store, robbed the clerk and, on his way out, also robbed a patron. The court dismisses one strike, and none of the exceptions in section 1170.12 subdivision (c) apply, so an indeterminate life term is not called for. Sentencing would progress as follows. The term for the robbery of the clerk would be the base term chosen from the triad, then doubled. The term for robbing the patron would be one-third of the midterm, doubled. The two robberies are qualifying offenses, but they were committed on the same occasion. As a result, under subdivision (a)(6), the court would have the discretion to order the sentence for each robbery to run either consecutively or concurrently to each other. (*Hendrix, supra,* 16 Cal.4th at pp. 513–514.) As in the prior example, the auto thefts would not be qualifying offenses, but whatever sentence is imposed for the qualifying robberies must be ordered

to run consecutively to the total term imposed for the auto thefts.

In sum, we conclude that, after the Reform Act, a trial court retains the *Hendrix* concurrent sentencing discretion when sentencing on qualifying offenses committed on the same occasion or arising from the same set of operative facts.  Because the trial court's comments at sentencing suggested it did not believe it had that discretion, we remand the matter for a new sentencing hearing.  (See *Buycks, supra,* 5 Cal.5th at pp. 893–895.)  At that hearing, the full resentencing rule, which "allows a court to revisit all prior sentencing decisions when resentencing a defendant" (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425), applies.  Further, because " 'a defendant should not be required to risk being given greater punishment . . . for the privilege of exercising his right to appeal' " (*People v. Hanson* (2000) 23 Cal.4th 355, 359, quoting *People v. Ali* (1967) 66 Cal.2d 277, 281), the court on remand may not impose an aggregate sentence greater than the one defendant initially received.

## III. DISPOSITION

The judgment of the Court of Appeal is reversed with directions to remand the matter to the superior court for a new sentencing hearing.

**CORRIGAN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**LIU, J.**
**KRUGER, J.**
**GROBAN, J.**
**JENKINS, J.**
**GUERRERO, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Henderson

---

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 54 Cal.App.5th 612
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S265172
**Date Filed:**  November 17, 2022

---

**Court:**  Superior
**County:**  Los Angeles
**Judge:**  Fred N. Wapner

---

**Counsel:**

Rudolph J. Alejo, under appointment by the Supreme Court, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle, Blythe J. Leszkay, Kristen J. Inberg and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Rudolph J. Alejo
Attorney at Law
520 South Grand Avenue, Unit 400
Los Angeles, CA 90071
(510) 842-5356

Kimberley A. Donohue
Deputy Attorney General
1300 I Street
Sacramento, CA 95814
(916) 210-6135