Filed 6/3/24  P. v. Terry CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHARLIE TERRY, JR.,<br><br>    Defendant and Appellant. | F085835<br><br>(Super. Ct. No. 13CM0701HTA)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Poochigian, Acting P. J., Detjen, J. and DeSantos, J.

## INTRODUCTION

Charlie Terry, Jr., appellant, appeals from a hearing where the trial court struck appellant's Penal Code[1] section 667.5, subdivision (b) enhancements. Appellant argues he was entitled to have his enhancements stricken, in addition to a full resentencing hearing with implementation of all relevant changes in the law since he was previously sentenced. The People agree. Therefore, we vacate appellant's sentence and remand the matter for resentencing consistent with section 1172.75 and all current sentencing statutes that apply to appellant.

## PROCEDURAL HISTORY[2]

On August 9, 2013, following a bench trial, appellant was convicted of inflicting corporal injury to a spouse (§ 273.5, subd. (a)), a felony, and being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), a misdemeanor. The trial court found true appellant had served three prior prison terms (§ 667.5, subd. (b)) and suffered three prior serious or violent felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

The prior convictions which were the basis for the prison prior enhancements were: a 1990 conviction for rape in concert by force or fear (§§ 261, subd. (a)(2), 264.1), a 1998 conviction for failing to register as a sex offender (§ 290, former subd. (g)(2)), and a 2000 conviction for receiving stolen property (§ 496, subd. (a)).

On September 11, 2013, in relevant part, appellant was sentenced to 25 years to life for the corporal injury to a spouse, and one year for each prior prison term for an aggregate sentence of 28 years to life.

---

[1] Statutory references are to the Penal Code unless otherwise specified.

[2] We omit a statement of facts as unnecessary to resolve the legal issues presented in the instant case.

On September 2, 2022, the trial court received information from the Department of Corrections and Rehabilitation (CDCR) pursuant to section 1172.75[3] that appellant may be serving a sentence with enhancements imposed pursuant to former section 667.5, subdivision (b) and may be eligible for resentencing. Appellant was appointed counsel and the matter was set for a hearing.

On November 22, 2022, a hearing was held regarding appellant's prior prison term enhancements. The trial court struck the three enhancements as invalid and filed an amended abstract of judgment reflecting their removal, but otherwise kept the sentence and credits the same as they were in 2013. Appellant requested and was granted additional time to file a "petition for resentencing." The record does not reflect that such a petition or any other memoranda were ultimately filed.

On January 10, 2023, appellant prepared a notice of appeal which was received by the trial court on January 24, 2023, and ultimately deemed timely pursuant to the "prison-delivery" rule[4] on February 27, 2023.

## DISCUSSION

### I. Resentencing Pursuant to Section 1172.75 Entitles Appellant to a Full Resentencing Hearing

Appellant argues the trial court erred when it failed to hold a full resentencing hearing and pronounce judgement at that hearing, as well as calculate his actual time credits. The People agree, as do we.

---

[3]  Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12, eff. June 30, 2022.)

[4]  "The rule provides that a prisoner's notice of appeal is deemed timely filed if delivered to prison authorities within the 60-day filing period set forth in [California Rules of Court, rule 8.308]." (*In re Jordan* (1992) 4 Cal.4th 116, 118–119.)

Section 1172.75, subdivision (a) states "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75, subdivision (b) directs the Secretary of the CDCR to identify those persons in their custody currently serving a term of judgment that includes an enhancement described in subdivision (a).

In resentencing a defendant serving a sentence for an eligible enhancement, section 1172.75, subdivision (d)(1) states that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."

Section 1172.75, subdivision (d)(2) directs the trial court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

Because appellant was convicted of section 667.5, subdivision (b) enhancements, the trial court was required to resentence appellant pursuant to section 1172.75, subdivision (a) and strike any qualifying enhancements. In doing so, the trial court was required to perform a full resentencing, applying "any other changes in law that reduce sentences or provide for judicial discretion." (§ 1172.75, subd. (d)(2).)

Appellant argues the trial court must also pronounce judgment and calculate and declare the actual time appellant has served. Appellant is correct. "When, as here, an appellate remand results in modification of a felony sentence during the term of

4.

imprisonment, the trial court must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.' (§ 2900.1.)" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23.) When the trial court performs a full resentencing on remand, it must calculate the actual time appellant has already served and credit that time against the modified judgment entered upon resentencing and reflect those credits in appellant's amended abstract of judgement.

Finally, the People argue that the trial court improperly struck one of appellant's prior prison term enhancements, because that enhancement was based on a conviction for rape in concert by force or fear (§§ 261, subd. (a)(2), 264.1). A section 667.5, subdivision (b) enhancement is not invalid if it is based on "a sexually violent offense as defined in subdivision (b) of [s]ection 6600 of the Welfare and Institutions Code." (§ 1172.75, subd. (a).) Welfare and Institutions Code section 6600, subdivision (b) explicitly lists felony violations of sections 261 and 264.1 as " '[s]exually violent offense[s].' "

Whether each of appellant's section 667.5, subdivision (b) enhancements qualify to be vacated pursuant to section 1172.75 we leave for the trial court to determine on remand. Insofar as appellant risks a greater sentence on remand, it is well established " ' "a defendant should not be required to risk being given greater punishment … for the privilege of exercising his right to appeal." ' " (*People v. Henderson* (2022) 14 Cal.5th 34, 56.) "[T]he court on remand may not impose an aggregate sentence greater than the one defendant initially received." (*Ibid*.) However, "[t]he rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, disapproved on another ground in *People v. Fosselman* (1983) 33 Cal.3d 572, 583.)

## **DISPOSITION**

The sentence is vacated, and the matter is remanded for full resentencing consistent with section 1172.75 and all current, applicable sentencing statutes.