Filed 3/3/26  P. v. Alvarez CA5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JUAN ALVAREZ,<br><br>Defendant and Appellant. | F087027<br><br>(Super. Ct. No. 20CR-02663)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen and Steven K. Slocum, Judges.* (Judge Hansen is a retired judge of the Merced Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Michael C. Sampson, under appointment by the Court of Appeal; Law Offices of Beles & Beles and Robert J. Beles for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\* Judge Slocum presided over the resentencing hearing; Judge Hansen presided over all other proceedings pertinent to this appeal.

# INTRODUCTION

Defendant Francisco Juan Alvarez appeals from a judgment of conviction and sentence entered following remand for resentencing. (See *People v. Alvarez* (May 3, 2023, F084095) [nonpub. opn.] (*Alvarez*).)**[1]** He argues Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill No. 333) applies retroactively to the court's finding that he previously suffered a "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)).**[2]** He further contends application of Assembly Bill No. 333 in the manner he proposes would not constitute an improper legislative amendment to Propositions 21 and 36.

In our prior opinion addressing this appeal after resentencing, we affirmed the judgment, holding that Assembly Bill No. 333's amendments to section 186.22 did not apply to the prior strike finding. Our Supreme Court granted defendant's petition for review (S286909) and transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*). In accordance with the direction from the Supreme Court, we vacated our prior opinion and gave the parties an opportunity to file supplemental briefing.

Having now reconsidered the cause in light of *Fletcher*, we vacate the true finding on the prior strike allegation. We additionally vacate the sentence and remand for further proceedings, to include any retrial on the prior strike allegation. The judgment is otherwise affirmed.

---

**[1]** On our own motion, we take judicial notice of our opinion in *Alvarez, supra,* F084095.

**[2]** All further undesignated statutory references are to the Penal Code unless otherwise stated.

## PROCEDURAL HISTORY[3]

On June 1, 2021, a jury convicted defendant of first degree murder (§§ 187, subd. (a), 189; count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 2); being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 3); premeditated attempted murder (§§ 187, subd. (a), 189, 664; count 4); assault with a deadly weapon, to wit, a car (§ 245, subd. (a)(1); count 5); battery (§ 242; count 6); felony evading (Veh. Code, § 2800.2; count 7); resisting arrest (§ 148, subd. (a)(1); count 8); and being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 9). On count 1, the jury found true a firearm enhancement pursuant to section 12022.53, subdivision (d). On count 4, the jury found true a weapon use enhancement pursuant to section 12022, subdivision (b)(1). On counts 1 and 4, the jury made true findings on gang allegations pursuant to section 186.22, former subdivision (b)(5). On counts 2, 3, 5, and 6, the jury made true findings on gang allegations pursuant to section 186.22, former subdivision (b)(1)(A). In bifurcated proceedings, the parties stipulated, and the court found, that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a strike (§§ 667, subds. (b)–(i), 1170.12). The prior conviction allegations were based on a 2019 conviction in Merced County Superior Court case No. 19CR-03747 (case No. 19CR-03747) for carrying a loaded firearm as a member of a criminal street gang (§ 25850, subd. (c)(3)), which offense requires proof of active participation in a criminal street gang pursuant to section 186.22.

---

[3] We dispense with a statement of facts as the facts underlying the offenses are not relevant to this appeal.

On July 30, 2021, the court sentenced defendant to an aggregate sentence of 80 years to life plus one year four months.[4] The court sentenced defendant on count 1 to a term of 25 years to life, doubled to 50 years to life due to the prior strike finding. The court exercised its discretion and "decline[d] to impose" sentence on the associated firearm and prior serious felony enhancements. The court sentenced defendant on each of counts 2 and 3 to the upper term of three years, doubled to six years due to the prior strike finding, plus an additional upper term of four years for the gang enhancement, stayed pursuant to section 654. The court sentenced defendant on count 4 to a term of 15 years to life, doubled to 30 years to life based on the prior strike. The court again exercised its discretion and declined to impose sentence on the weapon use and prior serious felony enhancements. The court sentenced defendant on count 5 to the upper term of four years, doubled to eight years due to the prior strike, and stayed pursuant to section 654. The court declined to impose sentence on the associated gang and prior serious felony enhancements. On count 6, the court sentenced defendant to a concurrent upper term of three years, doubled to six years due to the strike. On count 7, the court imposed a consecutive middle term sentence of eight months, doubled due to the strike to one year four months. On count 8, a misdemeanor, the court imposed no additional time. On count 9, the court imposed a concurrent upper term of three years.

Defendant appealed. Relevant here, he argued Assembly Bill No. 333 applied retroactively to his case and the evidence was insufficient to support true findings on the

---

[4] On the same date, the court determined defendant violated his probation in case No. 19CR-03747 and sentenced him to a consecutive eight-month term for the offense in that case. The abstract of judgment mistakenly notes this to be an eight-year term, although the total time calculated on the abstract appears to be correctly based on the eight-month term. This error was repeated in the amended abstract of judgment following resentencing, which correctly calculates the total time based on an eight-month term but lists the sentence for this offense as an eight-year term. When eventually resentencing defendant, the court should ensure the abstract of judgment reflects the eight-month, rather than eight-year, term imposed by the court in case No. 19CR-03747.

gang enhancements and prior strike under the amended law.  (*Alvarez*, *supra*, F084095.)  The People conceded Assembly Bill No. 333 applied retroactively to the gang enhancements and that remand was required for retrial and resentencing.  We accepted the People's concession and "dismiss[ed] the gang enhancements," vacated the sentence and remanded for retrial and/or resentencing.  (*Alvarez*, *supra*, F084095.)  However, we declined to address defendant's argument that insufficient evidence supported the prior strike finding.  We instead stated that our decision "[did] not foreclose [defendant's] ability to address the applicability of Assembly Bill [No.] 333 to his 2019 conviction at his later resentencing date."[5]  (*Alvarez*, *supra*, F084095.)

Resentencing proceedings were conducted on October 13, 2023.  The People confirmed they did not intend to seek retrial of the gang enhancements.  Defense counsel pointed out that our decision left open "the issue of whether . . . [defendant] has suffered a prior strike" and asked for a trial on that issue.  The court stated the strike prior was not dismissed and the prosecutor stated she "did not read anything [in the prior opinion] about a re-sentencing on the defendant's prior strike admission."  The court did not further address the strike finding and proceeded to sentence defendant.

The court imposed an aggregate sentence of 64 years to life, plus four years eight months.  On count 1, the court again sentenced defendant to a term of 50 years to life.  On each of counts 2 and 3, the court imposed a middle term sentence of two years, doubled to four years due to the prior strike, and stayed pursuant to section 654.  On count 4, the court imposed a term of seven years to life, doubled to 14 years to life due to the strike.  Additionally, on the weapon use enhancement, the court imposed one-third of one year, i.e., four months, doubled to eight months due to the strike.  On count 5, the court imposed a middle term of three years, doubled to six years due to the strike, and

_____

[5] To the extent our prior opinion may have suggested defendant could challenge his *conviction* in case No. 19CR-03747 following remand, we now make clear that only the court's strike finding in the instant case, case No. 20CR-02663, is properly before us.

stayed pursuant to section 654.  On count 6, the court imposed a concurrent six-month jail term.  On count 7, the court imposed the middle term of two years, doubled to four years due to the strike.  On count 8, the court imposed a concurrent term of 364 days.  On count 9, the court imposed a concurrent term of two years, doubled to four years due to the strike.

## DISCUSSION

Defendant argues Assembly Bill No. 333 applies to all nonfinal judgments which, in this case, includes the court's finding that he suffered a prior strike based on a gang-related felony.  He further contends that, because the strike finding was not proved under the amended law, it must be reversed.  We agree.

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" [citation], [and] "consists of two, nearly identical statutory schemes." ' [Citation.]  In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code section 667.  A ballot initiative [Proposition 184] in November of the same year added a new provision, section 1170.12.  These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time." (*People v. Henderson* (2022) 14 Cal.5th 34, 43, fns. omitted.)

Both section 667 and section 1170.12 provide that "[any] offense defined . . . in subdivision (c) of [s]ection 1192.7 as a serious felony" qualifies as a prior strike. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)  Pursuant to the Three Strikes law, a felony offense that "would also constitute a felony violation of [s]ection 186.22" qualifies as a strike.  (§ 1192.7, subd. (c)(28); see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)  Gang-enhanced felonies (see § 186.22, subd. (b)(1)) also qualify as strikes.  (*People v. Briceno* (2004) 34 Cal.4th 451, 462.)

6.

"In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333 . . . , enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) Among other things, Assembly Bill [No.] 333 changed the elements of gang offenses and enhancements by narrowing the definitions of 'criminal street gang,' 'pattern of criminal activity,' and 'what it means for an offense to have commonly benefitted a street gang.' " (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) Our Supreme Court has held that "Assembly Bill [No.] 333 is ameliorative legislation that applies to nonfinal judgments under the rule of *In re Estrada* (1965) 63 Cal.2d 740." (*Ibid*.)

Recently, our Supreme Court further held that, "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill [No.] 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) The high court additionally held that application of Assembly Bill No. 333 in this manner "does not unconstitutionally amend any ballot initiative." (*Fletcher*, at p. 583.) Thus, pursuant to *Fletcher*, "the current law applicable to this nonfinal proceeding includes Assembly Bill [No.] 333's redefinition of the elements of gang offenses and enhancements under section 186.22." (*Id*. at p. 607.)

Here, the record does not suggest defendant's prior conviction "was obtained under Assembly Bill [No.] 333's more stringent requirements." (*Fletcher*, *supra*, 18 Cal.5th at p. 607.) The information alleged defendant suffered one prior strike based on a 2019 conviction for violation of section 25850, subdivision (c)(3) for carrying a loaded firearm as a member of a criminal street gang. Ultimately, defendant stipulated to the prior conviction. The stipulation alone does not prove the elements of the alleged prior strike under the current law. Accordingly, as in *Fletcher*, the appropriate remedy is vacatur of the true finding on the allegation and remand for further proceedings, which may include retrial on the allegation. (*Fletcher*, at pp. 607–608.)

## **DISPOSITION**

The true finding on the prior strike allegation is vacated.  Defendant's sentence is vacated and the matter is remanded for further proceedings, which may include retrial of the allegation.  In all other respects, the judgment is affirmed.


    DETJEN, Acting P. J.

WE CONCUR:


PEÑA, J.


HARRELL, J.