Filed 12/3/24  P. v. Montano CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DAMIAN BERNARDO MONTANO,<br><br>    Defendant and Appellant. | F085984<br><br>(Super. Ct. No. 1003842)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Nancy A. Leo, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Edrina Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

\*    Before Hill, P. J., Meehan, J. and DeSantos, J.

Defendant Damian Bernardo Montano was convicted of driving under the influence (DUI) while having three or more prior DUI convictions and was sentenced to 25 years to life plus three years for prior prison terms.

Defendant filed a petition for resentencing pursuant to Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136).  He was resentenced to 25 years to life plus one year for a prior prison term.  Defendant contends on appeal that his sentence must be reversed and the matter remanded for resentencing because the trial court abused its discretion when it denied his motion to dismiss his prior strikes and imposed multiple enhancements at sentencing.  The People disagree.  We affirm.

## PROCEDURAL SUMMARY

On July 5, 2000, the Stanislaus County District Attorney filed an information, charging defendant with felony DUI while having three or more prior DUI convictions (Veh. Code, §§ 23152, subd. (a)/23550; count 1); and felony driving with a blood-alcohol content of 0.08 percent or more while having three prior DUI convictions (Veh. Code, §§ 23152, subd. (b)/23550; count 2.)  It was further alleged as to both counts that defendant had three prior DUI convictions in the previous seven years (Veh. Code, § 23550), four prior strikes that constituted serious felonies (Pen. Code,[1] § 667, subd. (d)), and had served three prior prison terms (§ 667.5, subd. (b)).

On December 13, 2002, the trial court found defendant guilty of both counts.  The court also found true that defendant suffered three prior convictions for driving under the influence in the previous seven years (Veh. Code, § 23152), four prior strike convictions that constituted serious felonies (§ 667, subd. (d)), and had served three prior prison terms (§ 667.5, subd. (b)).

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

The trial court sentenced defendant to an indeterminate term of 25 years to life on count 1, plus three years for the prior prison terms (§ 667.5, subd. (b)), stayed. The sentence on count 2 was stayed pursuant to section 654.

On February 19, 2004, we affirmed the judgment on appeal. (*People v. Montano I* (Feb. 19, 2004, F042121) [nonpub.opn.] (*Montano I*).)

On March 1, 2022, the Department of Corrections and Rehabilitation (CDCR) identified defendant as a person in their custody serving a sentence that included an enhancement repealed by Senate Bill 136.

On November 23, 2022, defendant filed a resentencing brief and motion to strike and/or dismiss enhancements. The People filed a response. The trial court struck two of the three stayed prior prison term enhancements and denied defendant's *Romero*[2] motion to dismiss the prior strikes. The court resentenced defendant to the indeterminate term of 25 years to life in prison, plus one year for the remaining prior prison term enhancement (§ 667.5, subd. (b)).

On March 17, 2023, defendant filed a timely notice of appeal.

## FACTUAL SUMMARY[3]

"California Highway Patrol Officer Brent D. Blevins observed [defendant] driving in excess of 80 miles per hour in Stanislaus County. Blevins followed the vehicle and observed it drift off of the roadway and recover. Blevins then stopped the vehicle. [Defendant] smelled of alcohol and failed the field sobriety tests. A blood test revealed that [defendant]'s blood alcohol content was .21 percent." (*Montano I, supra*, F042121.)

## DISCUSSION

Defendant contends the trial court abused its discretion when it denied his motion to dismiss the prior strikes (§ 667, subd. (d)) and resentenced him to a third strike prison

---

**2**    *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

**3**    The factual summary is taken from our unpublished opinion on defendant's direct appeal in *Montano I, supra*, F042121.

3.

term of 25 years to life on count 1, plus one year for the remaining prior prison term enhancement. He argues Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) and the mitigating circumstances present pursuant to section 1385, subdivisions (c)(2)(B), (C), and (H) required the trial court to grant his *Romero* motion because a strike is an enhancement under section 1385, subdivision (c). The People disagree. We agree with the People.

### A.    *Background*

At the hearing on defendant's *Romero* motion, defense counsel stated the parties agreed that two of defendant's stayed section 667.5, subdivision (b) priors should be stricken. Defense counsel then argued that the trial court should resentence defendant without imposing a strike term, stating that in his 22 years of incarceration he had minimal infractions, no drug or alcohol use, and positive programming. The prosecution agreed that two of defendant's prior prison term enhancements should be stricken, but argued that defendant still fell within the spirit of the "Three Strikes" law, despite his good behavior in prison, stating,

> "This instant case was [defendant]'s third DUI in [a] matter of seven years. Prior to and inclusive of that, he had a lengthy criminal history which included various drug offenses, auto theft, possession of [a] dangerous weapon, burglary, false imprisonment, rape by force, assault with a deadly weapon, criminal threats, [and] failure to register as a sex offender. And at the time of the offense there was actually investigation into additional charges for lewd and lascivious conduct and sodomy against a child.

> "Just a few months ago in October, the boards of parole review[ed] [defendant]'s prison history, found his programming lacking, found his criminal conduct aggravating, especially while on parole, and denied him release for an additional five years citing concerns for his lack of offender programming, sex offender programming specifically and his continued reoffending while on parole when released in the community."

The trial court struck two of the three stayed prior prison term enhancements. However, it denied defendant's *Romero* motion to strike his prior strikes, stating,

"And as to the [section] 667[, subdivision ] (d) priors, I can't but take into consideration the fact that [the trial court] did have before [it] a motion to strike those priors [when defendant was originally sentenced], and having knowledge of [defendant]'s criminal history and knowledge of the facts of the case before [it], declined to strike the strikes as well. And based on [defendant]'s criminal history and also the fact that CDCR, based on his current behavior, does not believe that he's ready for parole and believes he would still pose a threat to society if released. So that request will be denied.

"So [he] will be resentenced then instead of 25 to life plus three [years], it will be 25 to life plus one [year]."

### B.     Law

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." (§ 1385, subd. (a).) Section 1385, subdivision (b)(1) states: "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)." (§ 1385, subd. (b).)

Effective January 1, 2022, Senate Bill 81 added subdivision (c) to section 1385. (Stats. 2021, ch. 721, § 1.) This subdivision states: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385, subd. (c)(1).) It further states that in exercising this discretion, "the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances" listed in the statute are present, and that "[p]roof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) The mitigating circumstances listed in section 1385, subdivision (c)(2) include, in pertinent part, "(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single

5.

enhancement shall be dismissed[;] [¶] (C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed[; and] [¶] … [¶] (H) The enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2).)

A trial court's decision not to strike a sentence enhancement under section 1385 is reviewed for abuse of discretion.  (*People v. Carmony* (2004) 33 Cal.4th 367, 371; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 298.)  The abuse of discretion standard is highly deferential.  (*Mendoza*, at p. 298.)  "When, ' "as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion 'must not be disturbed on appeal *except* on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice.' " ' " (*Ibid*.)

### C.    Analysis

Here, the trial court did not abuse its discretion when it denied defendant's *Romero* motion to dismiss his prior strikes because section 1385, subdivision (c) only applies to enhancements, not strikes, pursuant to *People v. Burke* (2023) 89 Cal.App.5th 237, 242–243 (*Burke*).

The Third District Court of Appeal in *Burke*, *supra*, 89 Cal.App.5th 237, considered whether section 1385, subdivision (c) applies to prior strikes.  The *Burke* court concluded it did not.  The court explained, "[t]he term 'enhancement' has a well-established technical meaning in California law," specifically, that it is " ' "an additional term of imprisonment added to the base term." ' " (*Id*. at p. 243.)  At the same time, "[i]t is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Ibid*., citing *Romero*, *supra*, 13 Cal.4th at pp. 526–527.)  *Burke* "presume[d] the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Burke*, at p. 243.)  Therefore, because "[t]he Legislature did not otherwise define

the word 'enhancement' in section 1385," and "the statutory language is clear and unambiguous," *Burke* opted to follow that language without considering any legislative history materials. (*Ibid*.) We agree with the analysis in *Burke* and adopt it here.

Defendant argues the *Burke* court's conclusion that amended section 1385, subdivision (c), does not apply to strike priors is wrong and should not be followed here. He argues that *Burke*'s interpretation of section 1385, subdivision (c) renders some parts of the statute inconsistent with legislative intent, and further, that the rule of lenity requires us to adopt a definition of the statute that favors defendant. Accordingly, he contends we must find that section 1385, subdivision (c)'s reference to "enhancement" also includes strikes.

We disagree. The distinction between an enhancement and a strike is clearly established and well known to the Legislature. Thus, if the Legislature had meant to include strikes, it would have said so directly. *People v. Olay* (2023) 98 Cal.App.5th 60 recently analyzed Senate Bill 81's legislative history and concluded that it shows the Legislature intended the term "enhancement" to accord with its accepted meaning. The *Olay* court was "skeptical the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner by obliquely referencing 'juvenile adjudications' as one of the relevant mitigating circumstances" and that "[t]he legislative history confirms the Legislature had no such intent." (*Olay*, at p. 67.) The court noted that the legislative history includes a statement that "[a]n enhancement differs from an alternative penalty scheme," and "[t]he presumption created by this bill applies to enhancements, but does not encompass alternative penalty schemes." (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 81 (2021–2022 Reg. Sess.) as amended Apr. 27, 2021, pp. 5–6.) "A more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Olay*, at p. 67.)

In addition, "subsequent history makes no reference whatsoever to the Three Strikes law or any other alternative sentencing scheme." (*Id*. at p. 68.)

Thus, the legislative history only reinforces that "enhancement" as used in section 1385, subdivision (c), is not ambiguous. It is therefore not warranted to resort to the canon against surplusage. "If the plain language of a statute or regulation is clear and unambiguous, our task is at an end and there is no need to resort to the canons of construction or extrinsic aids to interpretation." (*Butts v. Board of Trustees of California State University* (2014) 225 Cal.App.4th 835, 838.)

We note there is no appellate district split on this question of interpretation of section 1385, subdivision (c), post *Burke*. We agree with the *Burke* holding that section 1385, subdivision (c), does not apply to prior strikes. (*Burke*, *supra*, 89 Cal.App.5th at p. 244.)

This is also in line with courts' repeated recognition that the Three Strikes law is not a sentence enhancement but, rather, an alternate sentencing scheme. As held in *Romero*, the "Three Strikes law … articulates an alternative sentencing scheme for the current offense rather than an enhancement" (*Romero*, *supra*, 13 Cal.4th at p. 527; accord, *People v. Frutoz* (2017) 8 Cal.App.5th 171, 174, fn. 3), and was reiterated in *People v. Williams* (2014) 227 Cal.App.4th 733, which stated the "Three Strikes law is a penalty provision, not an enhancement. It is not an enhancement because it does not add an additional term of imprisonment to the base term. [The Three Strikes law] provides for an alternate sentence … when it is proven that the defendant has suffered … prior serious [or violent] felony convictions." (*Williams*, at p. 744.) The court in *People v. Henderson* (2022) 14 Cal.5th 34 also recently cited *Romero* for this proposition, stating, "The Three Strikes law is a separate sentencing scheme. As the court explained in *Romero*: 'The Three Strikes law, when applicable, takes the place of whatever law would otherwise determine [a] defendant's sentence for the current offense.' (*Romero*, *supra*, 13 Cal.4th at p. 524.)" (*Henderson*, at p. 43.)

Further, the trial court here did not abuse its discretion in denying defendant's *Romero* motion pursuant to section 1385, subdivision (a), which was not affected by the amendments to section 1385, subdivision (c). Here, the record shows the court properly considered the nature and circumstances of defendant's present felonies, prior convictions, and particulars of his background, character and prospects, when finding he is within the spirit of the Three Strikes law. (See *People v. Williams* (1998) 17 Cal.4th 148, 161.) The record shows defendant has an extensive criminal history, and as we found in *Montano I*, the "three strikes law was enacted to protect the public from repeat offenders such as [defendant]." (*Montano I*, *supra*, F042121.) Here, prior to the instant offense, defendant had a 20-year-long criminal history, and when he committed the instant offense, he was on bail, on probation, and under investigation for another sex offense, and he continued to reoffend in prison until 2006. Further, defendant had a blood-alcohol content more than twice the legal limit when he committed the instant offense. The court also noted the Board of Parole denied defendant's release for an additional five years, citing as reasons for its finding that he remained an unreasonable risk to public safety, his rule violation in 2006, lack of programming for his prior sex offenses, lack of substantial substance abuse programming and participation in alcoholics anonymous groups, and lack of insight into why he offended.

As the trial court's denial of defendant's *Romero* motion was neither irrational nor arbitrary, the court did not abuse its discretion when it denied defendant's *Romero* motion to strike his prior strike convictions.

## DISPOSITION

The judgment is affirmed.