Filed 2/5/25  P. v. Moore CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B336067 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA162022) |
| v. | |
| BRUCE MICHAEL MOORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge.  Affirmed.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 1998, a jury convicted appellant Bruce Moore (Moore) of 10 felony counts, and he was sentenced to 135 years to life in prison. In 2023, the Los Angeles County District Attorney's office (District Attorney) recommended recall of his sentence and resentencing pursuant to Penal Code, section 1172.1, subdivision (a)(1).[1] Moore appeals from the order recalling his sentence and resentencing him. His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) raising no arguable issues, and Moore filed a supplemental brief. After reviewing the contentions raised in Moore's brief, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Most of the following background facts and procedural history are taken from our opinion in Moore's direct appeal of his conviction. (*People v. Moore* (Jan. 31, 2000, No. B124938) [nonpub. opn.] (*Moore I*).)

### A. Trial and Sentencing

"The facts of this case are not in dispute." (*Moore I, supra*, at p. 2.) Moore "was involved in a 'take over' robbery of a fast food restaurant in Los Angeles on January 8, 1998, pointing a gun at several employees and obtaining money not only from the register but from sales of the drive-through window while appellant waited for the manager to open the time-delay safe. Unfortunately for [Moore], the time delay allowed an employee to notify the police, who responded and arrested [him]." (*Ibid*.) He "was convicted by a jury of five counts of second degree robbery

---

[1] All statutory references in this opinion are to the Penal Code.

2

with the personal use of a firearm (Pen. Code, §§ 211, 12022.53) and five counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)) with findings that he had personally used a handgun within the meaning of Penal Code section 12022.5, subdivision (a)(1) as to all ten counts." (*Moore I, supra*, at p. 2.)

A "second, separate phase" of trial concerned the People's allegations under the Three Strikes law[2] (§§ 1170.12; 667, subds. (b)-(i).) (*Moore I, supra*, at p. 2.) The operative second amended information alleged that Moore suffered juvenile adjudications for assault with a deadly weapon and robbery in 1988 and 1990, respectively, and "the prosecutor introduced various documents to prove the prior convictions." (*Id.* at pp. 3–4.) "[T]he jury found that [Moore] had suffered two prior juvenile adjudications which qualified as 'strikes' within the meaning of" the Three Strikes law. (*Id.* at p. 2.)

At the sentencing hearing, the trial court heard and denied Moore's "*Romero*[3] motion" to strike the prior strike allegations, finding "[t]here is no ground for granting the motion." On count 1 (robbery), Moore was sentenced to a base term of 25 years to life in prison, plus 10 years for the personal use of a handgun enhancement. On counts 2, 3, 4, and 10 (assault with a

---

[2]     "Under the three strikes law, a trial court must sentence a defendant with two or more qualifying prior felony convictions or strikes to an indeterminate term of life imprisonment." (*People v. Dotson* (1997) 16 Cal.4th 547, 552.) Qualifying prior felony convictions are sometimes referred to as "strikes." (*People v. Henderson* (2022) 14 Cal.5th 34, 43–44].))

[3]     In *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–530 (*Romero*), our high court held section 1385, subdivision (a) "permit[s] a court acting on its own motion to strike prior felony conviction allegations in cases brought under the Three Strikes law."

semiautomatic firearm), Moore was sentenced to 25 years to life in prison, to run consecutively with the count 1 sentence. The court explained consecutive sentences were imposed "based upon the nature of the offenses, the victims were terrorized[,] and various factors in aggravation[ ] as stated on the record" and because Moore "had ample chance to correct his life." Sentencing was stayed as to count 5 (assault with a semiautomatic firearm) and counts 6, 7, 8, and 9 (robbery).

In the direct appeal of his conviction, Moore asserted that the evidence was "insufficient to support the finding that his two prior juvenile adjudications qualified as strikes, that the court erred in instructing the jury about the priors, and that his sentence constitute[d] cruel and unusual punishment." (*Moore I, supra*, at p. 2.) We affirmed the judgment. (*Id.* at p. 18.)

In 2008, Moore filed a petition for writ of habeas corpus based on ineffective assistance of counsel, and he argued again that the prior juvenile adjudications did not qualify as strikes. (*In re: Bruce Moore* (Jan. 9, 2009, No. B212898) [nonpub. order] (*Moore II*).) We denied the petition, concluding that it "is repetitive of issues previously raised and rejected on appeal and fails to demonstrate entitlement to relief . . . ." (*Id.* at p. 1.)

## B.    Resentencing

In 2023, the District Attorney filed a recommendation for recall of Moore's sentence and resentencing pursuant to section 1172.1, subdivision (a)(1). The recommendation pointed to Moore's current age, his age (25 years old) when he committed the offenses, a low risk of recidivism based on his California

4

Static Risk Assessment (CSRA),[4] and inmate classification[5] scores, and few prison rules violations. The only victim the District Attorney was able to locate did not oppose resentencing.

The District Attorney acknowledged Moore was at a high risk for substance abuse and was found in possession of a controlled substance earlier that year. However, he had "low" COMPAS[6] scores for "anger historical, criminal personality, employment problems and educational problems" and a high family support rating. Resentencing Moore to 25 years to life, the District Attorney wrote, would make him "immediately eligible for parole," would provide for an assessment of whether he could be safely released, and would ensure that upon release, he would go into a program to assess his substance abuse issues.

The District Attorney requested that the court strike the allegation of Moore's personal use of a firearm. On count 1 (robbery), the court was asked to resentence Moore to a term of 25 years to life. On count 2 (assault with a semiautomatic

---

[4] The CSRA is "an actuarial tool that computes the likelihood to re-offend (incur a felony arrest within a three-year period after release to parole), and uses static indicators that do not change. These indicators include gender, age and offense history of the offender." (Cal. Code Regs., tit. 15, § 3768.1, subd. (c).)

[5] Classification scores are used to determine the level of security needed to house an inmate. (*In re Jenkins* (2010) 50 Cal.4th 1167, 1174.)

[6] Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) is a "validated automated needs assessment tool" that "identif[ies] criminogenic needs which are most predictive of criminal behavior." (Cal. Code Regs., tit. 15, § 3375.6, subd. (a).) It "identifies a needs value that demonstrates the level of need from high to low" and is "utilized to assist in placing the incarcerated person in a rehabilitative program." (*Ibid.*)

firearm), the court was asked to resentence Moore to a low term of two years. As for counts 3, 4, and 10 (assault with a semiautomatic firearm), the District Attorney asked that Moore be resentenced to a low term of two years on each count, to be served concurrently with the count 2 term. As to counts 2 through 10 only, the court was asked to strike one of Moore's juvenile adjudications, and as to counts 5, 6, 7, 8, and 9, sentencing would remain stayed.

The resentencing court conducted a hearing, recalled Moore's original sentence, and resentenced him. The count 1 sentence of 25 years to life in prison, plus 10 years, was unchanged. However, on counts 2, 3, 4, and 10, Moore was resentenced to a middle term sentence of 6 years on each count, to run concurrently with each other and count 1. "In counts 2 through 10 only," the court struck "all prior strike convictions" under the Three Strikes law and struck the firearm enhancements.

Moore timely appealed from the resentencing order. We appointed appellate counsel for him, and counsel filed a brief raising no issues and requesting that we proceed pursuant to *Delgadillo*. Moore was advised of his right to file a supplemental brief, despite his counsel's finding of no arguable issues to raise on appeal, and he did so. Under *Delgadillo*, if an appellant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

**DISCUSSION**

## A. Governing Law

The statutory recall and resentencing procedure is "an exception to the common law rule that the court loses resentencing jurisdiction once execution of sentence has begun." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) Section 1172.1, subdivision (a)(1) authorizes a trial court, "at any time upon the recommendation of" certain public officials to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." The officials permitted to make a recall and resentencing recommendation include the district attorney of the county in which the defendant was sentenced. (*Ibid*.) The court is empowered, in the interest of justice, to "[r]educe a defendant's term of imprisonment by modifying the sentence." (§ 1172.1, subd. (a)(3)(A); *People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040 (*McMurray*) [recommendation under former § 1170.03[7] "furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction'"].)

When a request for recall and resentencing is initiated, the statute provides for "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to

---

[7]     Recall and resentencing language appeared in former section 1170, subdivision (d)(1). This language was moved to section 1170.03, which was renumbered as section 1172.1. (See *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1080 and fn. 3 (*E.M.*).)

7

public safety . . . ." (§ 1172.1, subd. (b)(2); *McMurray, supra*, 76 Cal.App.5th at p. 1040.) This presumption, however "is intended to apply to the initial determination of whether to grant a request to recall and resentence, but that the sentence ultimately imposed by the court is left to its discretion without any further application of the presumption." (*People v. Braggs* (2022) 85 Cal.App.5th 809, 819 (*Braggs*).)

We review a resentencing order for abuse of discretion (see *People v. Frazier* (2020) 55 Cal.App.5th 858, 863) and will not disturb the order absent a showing that the resentencing court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Mendez* (2021) 69 Cal.App.5th 347, 353 (*Mendez*).)

## B.    Moore's Claims of Error

In his supplemental brief, Moore argues that the resentencing court abused its discretion in two ways. First, he asserts that the District Attorney recommended the striking of his prior strikes, his immediate release from custody, and no life sentence, and the court erred by failing to adopt these recommendations. Second, he argues that the court should have stricken his prior strikes pursuant to section 1385, subdivision (a) "due to the length of time appellant has been in prison 26 y[ears]" and because he is "currently taking groups demonstrating rehabilitation so that he can be a positive citizen of society." He argues that the court failed to exercise its discretion because it was under the mistaken belief that two of his juvenile convictions resulted in prison terms, when in fact he had been committed to the California Youth Authority.

8

## C. Forfeiture

Moore forfeited his claims of error by failing to make his arguments to the resentencing court. "Parties are required to raise certain issues at the time of sentencing; the lack of a timely and meaningful objection results in forfeiture of the claim." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 464 [defendant forfeited challenge to upper term sentence by failing to make an objection to the resentencing court].) Similarly, "any failure on the part of a defendant to invite the court to dismiss [an allegation of an accusatory pleading] under section 1385 following *Romero* waives or forfeits his or her right to raise the issue on appeal." (*People v. Carmony* (2004) 33 Cal.4th 367, 375–376 (*Carmony*).) Moore was represented by counsel during the resentencing proceedings. However, there is no indication in the record that he objected to the District Attorney's recommended sentence of 25 years to life on count 1 or the new sentence, after it was announced, and there is no indication that he invited the resentencing court to strike the prior juvenile adjudications pursuant to section 1385.

Moore's arguments are forfeited. However, even if he had preserved issues for our review, he has not shown an abuse of the resentencing court's discretion.

## D. Failure to Adopt Purported Recommendation

Moore's first claim of error misstates the resentencing recommendation. The District Attorney did not recommend his release or the striking of his prior strikes for count 1; to the contrary, it recommended a sentence of 25 years to life for that count. Moreover, even if the recommendation actually had contained the terms Moore asserts, the resentencing court was

9

not required to adopt that recommendation. (See *Braggs, supra,* 85 Cal.App.5th at p. 819 [no prejudicial error shown where court "in fact recalled defendant's sentence and resentenced him" under former § 1170.03; there was no "presumption in favor of the Secretary[ ] [of the California Department of Corrections and Rehabilitation's] *particular* recommended sentence"].)

### E. Failure to Strike Moore's Prior Strikes

Moore also failed to show that the resentencing court's failure to strike his prior strikes with respect to all of the counts was an abuse of discretion. (*People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*) [decision whether to dismiss a prior strike conviction is reviewed for abuse of discretion].) There is a "strong presumption" that any sentence that conforms to the Three Strikes law is "both rational and proper." (*Carmony*, 33 Cal.4th at p. 378.) A trial court "will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances," such as where the court was unaware of its discretion or considered impermissible factors. (*Ibid.*) "'[I]t is not enough to show that reasonable people might disagree about whether to strike one or more'" prior conviction allegations. [Citation.] Where the record is silent [citation], or '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' [Citation.]" (*Ibid.*)

The circumstances under which a defendant can be deemed to fall outside the spirit of the Three Strikes must be "extraordinary," such that "no reasonable people could disagree

10

that the criminal falls outside the spirit of the three strikes scheme." (*Carmony*, 33 Cal.4th at p. 378.)  Courts "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra,* 17 Cal.4th at p. 161.)

Moore, in his direct appeal, conceded that his two juvenile adjudications for robbery were qualifying strikes.  (*Moore I, supra*, at pp. 9–10.)  We also concluded that another juvenile adjudication for assault with a deadly weapon—predicated on allegations that Moore threw a bicycle at a truck, broke the windshield, and then attacked the driver with a pole—also was a qualifying strike.  (*Id.* at pp. 10–11.)  For these crimes and several others, Moore was committed to the California Youth Authority in 1990 for a term "not to exceed 8 years 10 months." (*Id.* at p. 4.)  By early 1998, he robbed a restaurant and "terrorized" multiple victims with a semiautomatic firearm.  The resentencing court would have been within its discretion to find that Moore fell within the spirit of the Three Strikes law and that there were no extraordinary circumstances that warranted the striking his prior strikes with respect to all of the counts.

## DISPOSITION

The resentencing court's order is affirmed.



                                        MORI, J.

We concur:



COLLINS, Acting P. J.



ZUKIN, J.