Filed 4/3/25  P. v. Bennett CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>ANDRE LEE BENNETT,<br><br>　　　Defendant and Appellant. | B336289<br><br>(Los Angeles County<br>Super. Ct. No. BA241789) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

　　　Lise M. Breakey, under appointment by the Court of Appeal; Andre Lee Bennett, in pro. per., for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

_____

# INTRODUCCTION

A jury convicted Andre Lee Bennett in 2003 of second degree robbery, and the trial court sentenced him under the three strikes law to a prison term of 25 years to life, plus three one-year prior prison term enhancements under Penal Code section 667.5, former subdivision (b).[1]  In 2023 the Department of Corrections and Rehabilitation advised the superior court that Bennett was eligible for recall and resentencing pursuant to section 1172.75.  After appointing counsel for Bennett, the court struck the three prior prison term enhancements previously imposed under section 667.5, former subdivision (b), but denied Bennett's request to dismiss two of his prior serious or violent felony convictions.  The court resentenced Bennett to 25 years to life.

Bennett appealed, and we appointed counsel to represent him on appeal.  After reviewing the record, appellate counsel for Bennett filed a brief that did not identify any arguable issues.  After independently reviewing the record and the contentions presented by Bennett in a two-page supplemental brief, we have not identified any either.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2002 Bennett approached a 43-year-old man, who just got off a bus and was on his way home from work.  Bennett grabbed the man by the throat and demanded his

---

[1]     Statutory references are to the Penal Code.

money. Bennett took a portable CD player from the man and fled.

On February 11, 2003 the People charged Bennett with one count of second degree robbery. (§ 211.) The People alleged Bennett had multiple prior felony convictions, including three for serious or violent felonies, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and three for serious felonies, within the meaning of section 667, subdivision (a). The People also alleged Bennett had served three prior prison terms, within the meaning of section 667.5, former subdivision (b).

The jury convicted Bennett of robbery, and Bennett admitted the allegations that he had three prior serious or violent felony convictions under the three strikes law and that he had served three prior prison terms. The trial court dismissed the enhancements under section 667, subdivision (a), and sentenced Bennett as a third strike offender to 25 years to life on the robbery conviction, plus three years for the enhancements under section 667.5, former subdivision (b).

On January 27, 2023 the trial court indicated it had received notice from the Secretary of the Department of Corrections and Rehabilitation that Bennett had been "identified as having a sentence which was enhanced" under section 667.5, subdivision (b), and was entitled to have the court recall his sentence and resentence him under section 1172.75. The court appointed counsel for Bennett.

Counsel for Bennett filed a motion to strike the prior prison term enhancements under section 667.5, former subdivision (b), and to "dismiss two strike priors and sentence him as a second striker to 5 years doubled for a total of 10 years." Counsel for

Bennett argued: "Continued incarceration of Mr. Bennett is no longer in the interests of justice. Mr. Bennett has been in prison now for 20 years. He is now 64 years old. The three strike priors he admitted were from 1993, 1990 and 1978. The offense date in this case was December 8, 2002. Therefore, at the time he admitted the strikes, they were approximately 9, 12 and 21 years old." (Fn. omitted.) Attached to the motion were various documents showing Bennett's participation in self-help programs, including mental health, development, addiction treatment, and mentorship programs.

The People did not file an opposition to the petition, and the trial court struck the prior prison term enhancements imposed under section 667.5, former subdivision (b), and resentenced Bennett to 25 years to life. In resentencing Bennett, the trial court denied his request to dismiss his prior serious or violent felony convictions. The court stated: "The court does not feel that this would be a situation, even commending Mr. Bennett for all the hard work he has done—he has done as much as anyone I've seen in state prison—and it's fabulous what he got done, in terms of his housing background, in terms of the restrictiveness of the prison—he had an opportunity to do those programs and he has taken advantage of it. I think when he is paroled, that will serve him well. But if you're asking me—which is my job—to look at this in terms of resentencing, and even considering everything he has done, I do not think that any bench officer would strike two strikes, given the nature of the robbery that he was convicted of. . . . It's still a robbery case. It's still terrifying to the person it happens to . . . . He's had an assault and he had a sexual offense as his other strike." Bennett timely appealed.

4

# DISCUSSION

We appointed counsel to represent Bennett in this appeal. After reviewing the record, appointed counsel did not identify any arguable issues. On November 7, 2024 appointed counsel advised Bennett that she was filing a brief stating she was unable to find any arguable issues, that he could personally submit any contentions he believed the court should consider, and that this court would dismiss the appeal if he did not file one. Counsel also stated in her declaration she sent Bennett the "transcripts of the record on the current appeal and a copy of the brief."

On February 5, 2025 we received a two-page supplemental brief from Bennett. In his supplemental brief Bennett argues he should not be judged "for things [he did] 21 years ago." Bennett contends he is entitled to "a new resentencing hearing in the interest of justice" because he is now "a loving person today" and has "healed."

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses . . . .""" (*People v. Henderson* (2022) 14 Cal.5th 34, 43.) Treating "recidivist felons of the type described in the three strikes law more harshly than those recidivists who have not yet qualified" does not violate equal protection. (*People v. Cooper* (1996) 43 Cal.App.4th 815, 829; see *People v. Moore* (2021) 68 Cal.App.5th 856, 863 ["'[n]umerous courts have rejected equal protection challenges to the differential treatment of Three Strikes offenders'"].) In enacting section 1172.75, however, the Legislature authorized courts, when striking now-invalid one-year prior prison term

5

enhancements, to conduct a full resentencing, even for a defendant sentenced under the three strikes law.  (See *People v. Green* (2024) 104 Cal.App.5th 365, 373 [""'section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"""]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [same]; see also *People v. Rogers* (2025) 108 Cal.App.5th 340, 361 ["[a]lthough section 1172.75 sets out certain directives that guide the resentencing, nothing in section 1172.75 eliminates the trial court's power to exercise its discretion to dismiss or strike a strike prior under" section 1385, subdivision (a)].)  Section 1172.75, subdivision (d)(3), states that, in resentencing the defendant, the court may consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice."

The superior court recognized it had the authority and discretion to strike one or more of Bennett's prior serious or violent felony convictions when the court resentenced Bennett, but articulated reasons why it was not appropriate to do so here.  The court did not abuse its discretion in striking the one-year prior prison term enhancements, but resentencing Bennett to a prison term of 25 years to life.  (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377 [""'the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will

6

not be set aside on review"""]; *People v. Knowles* (2024) 105 Cal.App.5th 757, 765 ["A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all."].)

Neither Bennett nor his appellate counsel has identified a cognizable legal issue, and our independent review has not identified one either.  The judgment is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


SEGAL, J.

We concur:


MARTINEZ, P. J.


STONE, J.