Filed 2/26/26; Opinion following transfer from Supreme Court

<u>CERTIFIED FOR PARTIAL PUBLICATION</u>[*]

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO GONZALEZ,<br><br>    Defendant and Appellant. | F084952<br><br>(Super. Ct. No. BF185179A)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  Gregory A. Pulskamp, Judge.

William Safford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Michael P. Farrell and Kimberley A. Donohue, Assistant Attorneys General, Julie A. Hokans, Darren K. Indermill, and Dina Petrushenko, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I. of the Discussion.

## **INTRODUCTION**

Defendant Francisco Gonzalez was convicted on three counts of possession of a firearm by a person previously convicted of a felony (Pen. Code,[1] § 29800, subd. (a)(1); counts 3, 4 & 5), possession of methamphetamine while armed with a loaded and operable firearm (Health & Saf. Code, § 11370.1, subd. (a); count 6), and two counts of possession of ammunition by a person previously convicted of a felony (§ 30305, subd. (a)(1); counts 7 & 8). In a bifurcated trial, the court found defendant was convicted in 2002 of a violation of former section 12021, subdivision (c)(1), with a gang enhancement pursuant to section 186.22, subdivision (b)(1), which offense constituted a "strike" within the meaning of the "Three Strikes" law. (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)). The court also found true four factors in aggravation: (1) defendant had prior convictions as an adult that were numerous and of increasing seriousness (Cal. Rules of Court,[2] rule 4.421(b)(2)); (2) defendant served a prior prison term (rule 4.421(b)(3)); (3) defendant was on probation or parole when the crime was committed (rule 4.421(b)(4)); and (4) defendant's prior performance while on probation or parole was unsatisfactory (rule 4.421(b)(5)).

The court sentenced defendant on count 3 to a six-year term, calculated by doubling the upper term due to the strike; on each of counts 4 and 5 to consecutive 16-month terms, calculated by doubling one-third of the middle term due to the strike; on count 6 to an eight-year term, calculated by doubling the upper term due to the strike, and stayed pursuant to section 654; and on each of counts 7 and 8 to a six-year term, and stayed pursuant to section 654.

---

[1] Undesignated statutory references are to the Penal Code.

[2] All further references to rules are to the California Rules of Court.

On appeal, defendant argued the court's strike finding was not supported by substantial evidence that his prior conviction involved conduct prohibited by section 186.22, as amended by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill No. 333); (Stats. 2021, ch. 699). He further argued the imposition of upper-term sentences based on the specified factors in aggravation was unauthorized. We affirmed the judgment, holding that Assembly Bill No. 333's amendments to section 186.22 did not apply to the prior strike finding, and the court was authorized to impose upper-term sentences.

Our Supreme Court granted defendant's petition for review (S284060) and transferred the matter to us with directions to vacate our opinion and reconsider the cause in light of *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*). In accordance with the direction from the Supreme Court, we vacated our prior opinion and gave the parties an opportunity to file supplemental briefing.

In the published portion of the opinion, we once again hold that the court had authority to impose upper-term sentences pursuant to rule 4.421(b) based on defendant's prior convictions. We also hold that interpreting section 1170, subdivision (b)(3) to refer to the factors listed in rule 4.421(b) does not constitute an unconstitutional delegation of legislative authority. In the unpublished portion of the opinion, we reconsider the cause in light of *Fletcher* and vacate the true finding on the prior strike allegation as well as defendant's sentence. (*Fletcher*, *supra*, 18 Cal.5th at p. 607.) The judgment is otherwise affirmed.

## FACTUAL BACKGROUND

As the facts underlying the offenses have minimal relevance to the issues on appeal, we summarize them only briefly. Law enforcement contacted defendant at a car wash on the afternoon of December 29, 2020. Inside defendant's vehicle, deputies located two revolvers containing live ammunition. In the trunk, deputies located a

"sawed off shotgun." In defendant's right front pocket, they located 1.94 grams of methamphetamine.

## DISCUSSION

I. **DEFENDANT IS ENTITLED TO RELIEF ON THE PRIOR STRIKE FINDING**[*]

The parties agree defendant is entitled to the benefit of Assembly Bill No. 333's amendments to section 186.22 and, pursuant to the high court's recent decision in *Fletcher*, *supra*, 18 Cal.5th at page 587, these amendments apply to the court's prior strike finding.

"The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" [citation], [and] "consists of two, nearly identical statutory schemes." ' [Citation.] In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code section 667. A ballot initiative [Proposition 184] in November of the same year added a new provision, section 1170.12. These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time." (*People v. Henderson* (2022) 14 Cal.5th 34, 43, fns. omitted.)

Both section 667 and section 1170.12 provide that "[any] offense defined . . . in subdivision (c) of [s]ection 1192.7 as a serious felony" qualifies as a prior strike. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Pursuant to the Three Strikes law, a felony offense that "would also constitute a felony violation of [s]ection 186.22" qualifies as a strike. (§ 1192.7, subd. (c)(28); see §§ 667, subd. (d)(1), 1170.12, subd. (b)(1).) Gang-enhanced felonies (see § 186.22, subd. (b)(1)) also qualify as strikes. (*People v. Briceno* (2004) 34 Cal.4th 451, 462.)

---

[*] See footnote, *ante*, page 1.

"In 2021, the Legislature amended section 186.22 with the passage of Assembly Bill No. 333 . . . , enacting the STEP Forward Act of 2021. (Stats. 2021, ch. 699, § 1.) Among other things, Assembly Bill [No.] 333 changed the elements of gang offenses and enhancements by narrowing the definitions of 'criminal street gang,' 'pattern of criminal activity,' and 'what it means for an offense to have commonly benefitted a street gang.' " (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) Our Supreme Court has held that "Assembly Bill [No.] 333 is ameliorative legislation that applies to nonfinal judgments under the rule of *In re Estrada* (1965) 63 Cal.2d 740." (*Ibid*.)

Recently, our Supreme Court further held that, "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill [No.] 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) Thus, pursuant to *Fletcher*, "the current law applicable to this nonfinal proceeding includes Assembly Bill [No.] 333's redefinition of the elements of gang offenses and enhancements under section 186.22." (*Id*. at p. 607.)

Here, the record does not suggest defendant's prior conviction "was obtained under Assembly Bill [No.] 333's more stringent requirements." (*Fletcher*, *supra*, 18 Cal.5th at p. 607.) The information alleged defendant suffered one prior strike based on a 2002 conviction for violation of former section 12021, subdivision (c)(1),[3] with a gang enhancement pursuant to section 186.22, former subdivision (b)(1). The court conducted a bifurcated court trial on the prior strike allegation and received into evidence a "certified RAP sheet" and a "certified 969b packet" reflecting the conviction. Based on that evidence, the court found defendant was convicted of a violation of former section

---

[3] Former section 12021, subdivision (c)(1) was recodified as section 29805. (Stats. 2010, ch. 711, § 6.76.)

12021, subdivision (c)(1) with an enhancement pursuant to section 186.22, former subdivision (b)(1), and that the offense "does in fact qualify as what's commonly referred to as a strike prior." However, these documents alone do not prove the elements of the alleged prior strike under the current law. Accordingly, as in *Fletcher*, the appropriate remedy is vacatur of the true finding on the allegation and remand for further proceedings, which may include retrial on the allegation.[4] (*Flecther*, at pp. 607–608.)

## II. THE COURT HAD AUTHORITY TO IMPOSE AN AGGRAVATED TERM

After finding true four factors in aggravation relating to defendant's criminal history, the court sentenced defendant to upper-term sentences on counts 3, 6, 7, and 8. Defendant argues that, in imposing an upper-term sentence, the court may rely only on factors in aggravation relating to the crime, and not on factors relating to the defendant, such as his criminal history.[5] Specifically, he contends the "rule-based" factors set forth in rule 4.421(b) cannot justify "an upward departure from the presumption of middle term sentencing." He further argues rule 4.421(b) constitutes an unlawful delegation of the Legislature's authority to define punishments. We reject both contentions in turn.

---

[4] The People concede that "it may be virtually impossible for the prosecution to prove a pre-enactment prior conviction qualifies under Assembly Bill No. 333's changes [citation], but remand is nonetheless required to allow for such consideration."

[5] The People argue defense counsel's failure to object to the trial court's reliance on these factors in the trial court forfeits this claim on appeal. Defendant contends he is challenging an illegal sentence, which challenge is not subject to forfeiture. However, to the extent the claim is forfeited, defendant claims constitutionally ineffective assistance of counsel. We decline to decide whether defendant forfeited this claim and instead exercise our discretion to adjudicate its merits in light of defendant's claim of ineffective assistance of counsel, and to provide guidance for the eventual resentencing proceedings on remand. (*People v. Anderson* (2009) 47 Cal.4th 92, 100, fn. 3 [claims not otherwise preserved may be addressed on the merits where the defendant also asserts a claim of ineffective assistance of counsel].)

## A.    Additional Background

The information alleged defendant (1) had prior convictions as an adult that were numerous and of increasing seriousness (rule 4.421(b)(2)); (2) served a prior prison term (rule 4.421(b)(3)); (3) was on probation or parole when the crime was committed (rule 4.421(b)(4)); and (4) had prior unsatisfactory performance while on probation or parole (rule 4.421(b)(5)).

When the court conducted a bifurcated court trial on the prior strike allegation, it also considered these four factors in aggravation.[6] The court admitted the following evidence: defendant's "certified RAP sheet"; a "certified 969b packet" reflecting defendant's 2002 conviction for violation of former section 12021, subdivision (c)(1), with an enhancement under section 186.22, former subdivision (b)(1); a "certified 969b packet" reflecting defendant's 2010 conviction for violation of section 245, subdivision (a)(1); a "certified court docket" reflecting that defendant violated his parole in 2014; a "certified court docket" reflecting that defendant violated his postrelease community supervision in 2016; a "certified court docket" and a "certified 969b packet" reflecting that defendant was convicted in 2017 for violation of section 69; a "certified court docket" reflecting defendant violated his postrelease community supervision in 2017; a "[c]ertified court docket" reflecting defendant violated his postrelease community supervision in 2020; and law enforcement testimony reflecting that defendant was on probation at the time the offenses in the instant case occurred.

Based on the foregoing, the trial court found all four factors in aggravation true beyond a reasonable doubt. At sentencing, the court noted there were no circumstances in mitigation and four circumstances in aggravation. The court stated: "I do agree that the upper term is appropriate and that's based on several factors including the California

---

[6] Defendant waived his right to jury trial on both the prior strike allegation and the aggravating factors.

Rules of Court factors I just mentioned, the four different aggravating factors, and for that reason . . . the upper term is completely warranted based on those aggravating factors I mentioned, the four different ones, . . . and the lack of any mitigating factors."

### B.    Section 1170, Subdivision (b)

Section 1170, subdivision (b) governs imposition of a judgment of imprisonment when a statute specifies three possible terms.  Prior to 2007, section 1170, subdivision (b) set the middle term as the presumptive term, but authorized the trial court to impose the upper term if it found circumstances in aggravation.  (§ 1170, former subd. (b).)  The trial court was required to set forth on the record the facts supporting imposition of the upper term, and those facts were required to be established by a preponderance of the evidence.  (*Ibid.*; former rule 4.420(b).)  However, in 2007, the United States Supreme Court determined this sentencing scheme was unconstitutional because, "under the Sixth Amendment, any fact [other than a prior conviction] that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence."  (*Cunningham v. California* (2007) 549 U.S. 270, 281; see *id.* at pp. 288–289.)

In response to *Cunningham*, the California Legislature amended section 1170, subdivision (b) to eliminate the presumption for the middle term and to instead provide that "the choice of the appropriate term shall rest within the sound discretion of the court."  (Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007, as urgency legislation.)  The intent of this urgency legislation was to "maintain stability in California's criminal justice system while the criminal justice and sentencing structures in California sentencing [were] being reviewed."  (Stats. 2007, ch. 3, § 1.)  This statutory language providing trial courts broad discretion to choose within the sentencing triad remained intact until January 1, 2022.  (See Stats. 2007, ch. 3, § 2; see also Stats. 2020, ch. 29, § 15.)

Effective January 1, 2022, Senate Bill No. 567 (2021–2022 Reg. Sess.) amended section 1170, subdivision (b), to provide:  "When a judgment of imprisonment is to be

imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (*Id.*, subd. (b)(1).) Subdivision (b)(2) in turn provides, "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . ." Subdivision (b)(3) creates an exception to this requirement: "Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury."

A trial court's sentencing decisions are reviewable for abuse of discretion. (*People v. Panozo* (2021) 59 Cal.App.5th 825, 837.) "An abuse of discretion is found where the court 'relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision.' " (*Ibid.*; accord, *People v. Carmony* (2004) 33 Cal.4th 367, 378 [trial court abused its sentencing discretion when it "considered impermissible factors"].)

### C.     The Court Was Permitted To Rely on Defendant's Prior Convictions

Defendant contends his sentence could exceed the middle term only if justified by "circumstances in aggravation of the crime."[7] (§ 1170, subd. (b)(2).) He contends the prior conviction factors relied on by the trial court constituted factors " 'relating *to the defendant*' " (italics added), and not "circumstances in aggravation of *the crime*," and

---

[7] Defendant contends, "This is a clear match for California Rules of Court, rule 4.421(a), which defines a subset of '[c]ircumstances in aggravation' which are classified as '[f]actors relating to the crime.' " At least one Court of Appeal has expressly held that " 'circumstances in aggravation,' " as used in section 1170, subdivision (b)(2), includes the factors listed in rule 4.421(a). (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 70–71.)

therefore could not justify imposition of upper-term sentences. He contends section 1170, subdivision (b)(3), which permits consideration of a defendant's prior convictions in sentencing, applies only after the court has determined whether " 'circumstances in aggravation of the crime' " authorize an upper-term sentence. In other words, defendant contends section 1170, subdivision (b)(2) "sets a threshold requirement which must be met before the upper term becomes an available option." Thereafter, "[i]f all three terms are available, the court can consider prior convictions in making its decision; if the only two sentencing options are the middle and lower terms, the court can use prior convictions in selecting between the two."

We disagree with defendant's interpretation of section 1170 and therefore reject this argument. As we have already stated, subdivision (b)(3) provides: "*Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury.*" (Italics added.) "[N]otwithstanding" means "[d]espite; in spite of." (Black's Law Dict. (11th ed. 2019) p. 1281.) Thus, by its plain language, section 1170, subdivision (b)(3) applies, despite the limitations set forth in section 1170, subdivision (b)(1) and (2), and authorizes a court to impose an upper-term sentence based on a defendant's prior convictions.

## D.    Nondelegation Doctrine

Defendant argues that interpreting section 1170, subdivision (b) to refer to factors listed in rule 4.421 violates the nondelegation doctrine. Our Supreme Court rejected this argument in *People v. Wright* (1982) 30 Cal.3d 705 (*Wright*).

"The legislative branch of government, although it is charged with the formulation of policy, properly may delegate some quasi-legislative or rulemaking authority to administrative agencies." (*Carmel Valley Fire Protection Dist. v. State of California* (2001) 25 Cal.4th 287, 299.) However, "[a]n unconstitutional delegation of legislative power occurs when the Legislature confers upon an administrative agency unrestricted

10.

authority to make fundamental policy decisions." (*Wright*, *supra*, 30 Cal.3d at p. 712.) Thus, "[t]he Legislature must make the fundamental policy determinations, but after declaring the legislative goals and establishing a yardstick guiding the administrator, it may authorize the administrator to adopt rules and regulations to promote the purposes of the legislation and to carry it into effect." (*Id.* at p. 713.)

Article VI, section 6 of the California Constitution grants the Judicial Council authority to "adopt rules for court administration, practice and procedure." (Cal. Const., art. VI, § 6, subd. (d).) Additionally, section 1170.3, subdivision (a)(2) directs the Judicial Council to "promote uniformity in sentencing under [s]ection 1170" by adopting rules "providing criteria for the consideration of the trial judge at the time of sentencing regarding the court's decision to: [¶] . . . [¶] . . . [i]mpose the lower or upper prison term." (§ 1170.3, subd. (a)(2).)

In *Wright*, our Supreme Court considered whether the legislative direction for the Judicial Council to adopt former rules 421 and 423, the predecessors to rules 4.421 and 4.423, constituted an invalid delegation of legislative power. (*Wright*, *supra*, 30 Cal.3d at p. 709.) The high court concluded it did not. (*Id.* at pp. 712–714.) The court explained: "[T]he Legislature made the fundamental policy decision that terms were to be fixed by choosing one of the alternatives on the basis of circumstances relating to the crime and to the defendant. [Citations.] The Legislature directed the Judicial Council to adopt rules establishing criteria for imposing the upper or lower terms in order to promote uniformity. [Citation.] While promotion of 'uniformity' in some circumstances may not provide a sufficient standard, the Legislature established the standard in the correlative provision of Penal Code section 1170, [former] subdivision (b), providing that the criteria be based on the absence or presence of aggravating or mitigating circumstances." (*Id*. at p. 713.) The court held these standards were "sufficiently precise in the circumstances." (*Ibid*.)

Defendant contends *Wright* is no longer controlling. He argues, "The ability of the aggravating circumstances rule to pass constitutional muster in *Wright* was derived entirely from its orientation as a creature of guidance and discretion. A rule purporting to define aggravating circumstances for *jury* consideration would *not* survive a *Wright* analysis." He contends "the Judicial Council *lacks* the authority to define punitive enhancements for submission to a jury."

However, defendant was not subject to an upper-term sentence based on factors that were submitted to a jury. We are not called upon to resolve whether a rule purporting to set forth aggravating factors for jury consideration constitutes a valid delegation of legislative authority.[8] Rather, in determining that an upper term was authorized and warranted, the court, in the exercise of its discretion, properly considered defendant's prior convictions as factors relating to defendant pursuant to section 1170, subdivision (b)(3) and rule 4.421(b). *Wright* expressly holds that the development of these factors by the Judicial Council, and thus reliance on these factors by the court, does not involve an unconstitutional delegation of power. (*Wright, supra*, 30 Cal.3d at pp. 711–714.)

Accordingly, defendant's contentions regarding the nondelegation doctrine are without merit.

## DISPOSITION

The true finding on the prior strike allegation (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)) is vacated. Defendant's sentence is vacated and the matter is remanded

---

[8] Again, we note that at least one court has recently determined that section 1170, subdivision (b)(2) refers to the aggravating factors listed in rule 4.421(a), and further determined this reference does not violate separation of powers principles or constitute an unconstitutional delegation of power. (*Chavez Zepeda v. Superior Court, supra*, 97 Cal.App.5th at pp. 70–71.)

for further proceedings, including any retrial of the allegation.  In all other respects the judgment is affirmed.


                                                            DETJEN, Acting P. J.

WE CONCUR:


FRANSON, J.


MEEHAN, J.


13.